Tayxoe C. J. —
 

 It is not necessary to the decision of this case, to express any opinion as to the levy upon the land; if it were, I should think that the sufficiency of the levy might well be doubted. How7, or in what manner it was performed by the Sheriff, whether by going to the land, and making a declaration of it, or by a silent and mental volition, does not appear$ but it does appear, that no notice was given of it, and that the endorsement Upon the execution was made after the writ was dead in law7. It would lead to endless abuses, if a Sheriff could make a levy, simply by an endorsement on the execution after its force was spent, and the lien arising from the
 
 teste
 
 had ceased to exist, or had yielded its priority to other executions of later
 
 teste,
 
 issued perhaps in consequence of its being returned without any endorsement, and there being no
 
 alias
 
 ordered. It would be hazard-
 
 *281
 
 ons to purchasers, and inconvenient in general, if a riff were allowed to continue the lien of the
 
 tesie
 
 by an
 
 expost facto
 
 indorsement of a levy, where the law permits it to be continued only by
 
 alias
 
 executions, or the revival of the judgment. For if the Sheriff retaining the writ in his own possession, may do so, after its force is spent, I can see no reason, why he might not be permitted by the Court to do it, upon an.execution returned without a levy, and at a period when the writ had no longer any force.
 

 But admitting that the levy was unexceptionable, the sale to the Plaintiff was void for want of lawful authority in the Sheriff to sell. It was not merely a purchase under an irregular execution, for that would not impeach the Plaintiff’s title, but a purchase without.any execution. The general rule is, that all process must be served before the return day; and, as to chattels, if the levy be made in due time, the Sheriff may complete the same by sale after the return day. But the reason of this is that tiie seizure of chattels vests a special property in the Sheriff, who may take them into his own possession for the purposes of the execution. From the essential difference in the nature of the property, the operation of a
 
 fi.fa.
 
 issued against land must be different. It gives the Sheriff no authority to take possession of the land and turn the Defendant out. He cannot break open an outer door to execute a
 
 fi.fa.
 
 against chattels; how then, upon the same writ, can he give possession of a house ? A term for years may bo sold on
 
 a fi.fa.
 
 or a moiety of land delivered on an elegit, yet in neither case, can the Sheriff give possession. The purchaser and tire creditor must obtain possession by ejectment.. I apprehend that the Sheriff has no right to change the possession of land, nor does he acquire any tiling by the levy, but a right to enter for the purposes of the sale. The seisin, the possession and the right of possession, remain in the Defendant until the sale, whose dominion continues unimpaired, except as to the
 
 jus disponendi.
 
 This was one effect
 
 *282
 
 np t],e ]PVy, the other was to set apart this land to be converted into money according to the terms of
 
 the Jl. fa.
 
 But there must be some lawful authority in existence» ^ ^¡s convPrs¡on an{] sa{e | the Sheriff clearly had none, for his had expired more than twelve months before the sale; and any private individuals might, as le' gaily have sold the land, as the Sheriff did in this instance. Though the statute of George II. and our act of
 
 ■I777,
 
 have made lands liable, to be sold on a ./?. fa. equally with cbattels, yet there, are specific distinctions between the two sorts of property, to which even laws must be moulded, in order to he useful. Land cannot be removed, therefore the Sheriff incurs no risk after the levy, and possesses consequently no right, except that to enter for the purpose of a sale. After a sale he can give only the legal, not an actual possession, and every purchaser knows that he must resort to an ejectment, unless the Defendant is willing to surrender the possession. But with respect to chattels, he cannot oven sell them unless they .are present, and so completely within his control, as to enable him to deliver possession to the purchaser.
 

 Though I am aware that the statute of 5 George II. c.
 
 7,
 
 was professedly intended to enable British subjects in England to sell real estates on execution in the colonies, in order to recover debts due to them, yet this then, colony was no sooner emancipated, than she passed a law for the purpose of rendering land liable to debts upon the deficiency of personal asset's, Yet I cannot conceive that the' Parliament, much less our own Legislature, intended to give to Sheriff's the right to take possession of the land upon the levy, at his discretion, to turn the family out of possession, and to retain it himself until the sale. Nor has this been the construction of the statute in any of the colonies, for the Defendant is never disturbed, until the sale is consummated, and then only by his own consent, without suit Judging from the practice therefore pursued ip
 
 *283
 
 ibis state, for no light can be obtained from tlje British cases, I should think that the proper mode would be to issue
 
 a venditioni exponas
 
 upon the return of a
 
 ji. ja.
 
 levied upon land, and that in no other way, after a levy, can it be sold by the Sheriff. 1 think the judgment should bo affirmed.