### A. A. McKEITHAN *v.* H. G. TERRY.

Specific liens previously obtained (as, *here*, by levy) are not divested by the provision for a Homestead in the Constitution :

*Therefore*, where a levy upon land was made in December 1867, and, upon a *Ven. Ex.*, issued in 1869, the Sheriff returned "no goods, chattels, lands or tenements, to be found in my County, over the Homestead,"

*Held*, that he was liable to be amerced for an insufficient return.

(*Hill* v. *Kessler*, 63 N. C. Rep., 437, cited and approved.)

MOTION to amerce a Sheriff, made before *Buxton, J.*, at Spring Term 1869, of CUMBERLAND Court.

The facts were, that the plaintiff at Spring Term 1867, had obtained judgment against one McLeod, and that a *fi. fa*, issuing thereupon, had, on the 27th day of December 1867, been duly levied by the Sheriff of Richmond upon certain lands. In February 1869, a *ven. ex.* issued, to sell the land, and upon it the Sheriff returned, " no goods, chattels, lands or tenements to be found in my County, over the Homestead."

His Honor declined to grant the order, and the plaintiff appealed.

*Hinsdale*, for the appellant.

1. The Homestead provision cannot affect a specific lien, which constitutes a vested right. *Hawthorne* v. *Calef*, 2

Wall, 10; *Bronson* v. *Kinzie*, 1 How., 311 ; 8 Sm. and Mars. 9.

2. The *return* here, therefore, is within the provisions of Rev. Code, c. 105, § 17. *Lindsay* v. *Rowland*, 5 Ire., 385; *Buckley* v. *Hampton*, 1 Ire., 322.

*W. McL. McKay, contra.*

READE, J. The State Constitution provides for the exemption of a Homestead worth $1000, and of personal property worth $500, from execution sale for debt. We have decided that this exemption applies to debts existing before the adoption of the Constitution. *Hill* v. *Kessler*, 63 N. C. Rep. 437.

But in the case under consideration the execution was levied before the adoption of the Constitution : there was, therefore, a specific lien, a vested right, which it was not the purpose of the Constitution to destroy, if indeed it had the power. Mere indebtedness is not a lien upon any property, nor does the homestead destroy the creditor's property in the claim, and therefore does not *necessarily* impair the obligation of the contract. But it is otherwise where the creditor has acquired a specific lien, as in the case under consideration. It was the duty of the Sheriff, under the *ven. ex.* in his hands, to sell the land which had been levied on, and return the money into Court; and his return of "no goods and chattels, &c., over the homestead" was not a "due return," and he was therefore liable to amercement.

It was error in His Honor to refuse the rule moved for by the plaintiff.

This will be certified.

PER CURIAM.                    Judgment reversed.