AARON LADD *vs.* JESSE P. ADAMS.

An execution debtor is entitled to a HOMESTEAD, as against an execution, which bore *teste* before, but was not levied until after, the adoption of the Constitution.

The cases of *Hill* v. *Kesler*, 63 *N. C.*, 437 and *Horton* v. *McCall at this term*, cited and approved.

This was an appeal from the decision of His Honor, Judge Mitchell, on a case agreed, made at Spring Term 1871, of Wilkes Superior Court. The only facts necessary to a proper understanding of the opinion, are, that the plaintiff obtained a decree against the defendant in this Court, on the equity side, at June Term 1868, and caused an execution to be issued thereon, which bore *teste*, the second Monday in June, 1868. Under this execution a levy was made on the land, for the recovery of which, this action was brought on *the 2d day of August*, 1868, and a sale was, thereafter duly effected thereunder, at which the plaintiff became the purchaser.

The defendant, before the sale took place, claimed a homestead therein, and when this was refused, demanded that it should be appraised, &c. Other points were raised, but not necessary to be stated, as the opinion proceeds entirely on the main point, viz: whether a homestead could be demanded, as against an execution bearing *teste*, before the adoption of the constitution, but not levied, until after. His Honor gave judgment in favor of the defendant, on the case agreed, and the plaintiff appealed.

*W. H. Bailey* for the appellant.

I. The execution created a lien on the land from its *teste*. This has been the settled doctrine of our Courts, ever since *Winstead* v. *Winstead*, 1 *Hay.*, 243, as announced in numerous

subsequent decisions, running through the period of the Court of conference, and our former Supreme Court, and has been acted on in *practice* for the last seventy years, both by lawyers and laymen as *settled law.*

Many titles rest upon this assumption, which a contrary decision would greatly tend to unsettle and embarrass, as well as lead to inextricable confusion, and open a flood-gate to litigation.

*Interest republicae ut sit finis litium est.*

The execution, I submit, binds from its *teste,* certainly as against the defendant therein, and those claiming under him. *Stamps* v. *Erwin,* 2 *Hawks,* 232.

And the principle was extended to executions from a single Justice, until changed by statute. *Beckerdite* v. *Arnold,* 3 *Hawks,* 296.

It is foreign to our case, to consider the effect of its lien, *quoad* other execution creditors, &c., as the defendant in the execution is the present defendant.

But, I may add, that the policy of the Courts has ever been to protect *bona fide* purchasers at execution sales, in various ways, thus presenting a harmonious analogy to the various statutory enactments in favor of other *bona fide* purchasers, and such a policy, was judicially declared in *Irwin* v. *Harris,* 6 *Ired. Eq.,* 215.

II.　　*　　*　　*　　*　　*　　*　　*　　*　　*

III.　　*　　*　　*　　*　　*　　*　　*　　*　　*

IV. The homestead law, as to any retroactive effect on the debt in question, it is submitted, is in violation of the Constitution of the United States, in that, it impairs the obligation of contracts.

I do not propose to argue this point, unless called on by the Court, but wish to present it, and if desired, will argue it.

*Bragg & Strong and Arnfield* for the appellee.

CURIA ADVISARI VULT.

At the present term, the following opinion was delivered :

READE, J. In the learned brief of the plaintiff's counsel, it is laid down, that an "execution creates a lien on land from its *teste.*" And that this is sustained by a train of decisions, acted on in practice for seventy years, both by lawyers and laymen, and that a contrary decision now, would unsettle titles and produce inextricable confusion and endless litigation. We would hesitate long, to make a decision which would produce such effects, even if there were legislation or other considerations, leading us strongly, in that direction. But there is nothing in this case, which puts any such stress, upon us. We affirm all the decisions and praise the discernment of both lawyers and laymen, which has maintained the doctrine that an "execution creates a lien on land from its *teste.*" But just at the point where we have the greatest difficulty, we have the least aid, and yet evidently, all, that could be offered in behalf of plaintiff. It creates a *"lien,"* but then, what is the lien ? What does it mean ? What is its effects ? The answer which we have in the brief is, that it "binds from its *teste,* certainly as against the defendant therein, and those claiming under him." This affords us but little aid, because the question is, how binds—the defendant ? Does it divest him of the title ? No. Does it divest him of the possession ? No. Does it vest the title or the possession, in the creditor, in the execution ? No. Does it vest it in the officer ? No. What then is this *lien,* which is so powerful for good and which it is so mischievous to disturb ? The most that has ever been claimed for it is, that it prevents the debtor from selling. Well, has the debtor sold, or attempted to sell, here ? Not at all. Then, where is the applicability, of the doctrine of the lien, &c. ?

Precisely, the same point which is made in this case, is *the* point in the case of *Horton* v. *McCall, at this term,* in which it is decided, that the debtor is entitled to a homestead, notwithstanding the lien of the execution from its *teste.* And

reference is made to that case, for the reasons, which it is unnecessary to repeat here.

It is again insisted, in this case, that the retro-active feature of the homestead law is in conflict with the Constitution of the United States—impairs the obligation of contracts. *Hill v. Kesler*, 63 *N. C. R.*, is now so generally approved by a hitherto doubting profession, and is so much in favor with all "laymen," that we would be lost to disturb it, if we doubted its correctness. Indeed, it is in such favor, that it was seriously proposed, to adopt it into the Constitution itself, lest it might be overruled. But we see no reason for disturbing it.

It is not necessary to notice the other points in the case, because we think the defendant is entitled to his homestead, and that is decisive.

