## W. A. MARTIN v. MORRIS MEREDITH.

The lien acquired by the levy of a Justice's execution on the 27th Feb., 1868, is lost by the plaintiff's taking out a new execution on the same judgment, on the 1st day of August following; and a sale under the latter must be made subject to the defendant's right to a homestead.

(*McKethan* v. *Terry*, 64 N. C. Rep. 25, cited and approved.)

CIVIL ACTION for the recovery of certain land, tried at the December (Special) Term, 1873, of GUILFORD Superior Court, before his Honor, *Judge Henry.*

Upon the trial below, under agreement of counsel, his Honor found the facts established by the evidence, which, so far as they are material to the decision of this Court, are substantially as follows:

In 1868, one Johnston, a constable, obtained two judgments before a Justice against the defendant, Meredith. On the 27th February, 1868, the constable sued out executions, and on the same day levied them on the defendant's land, the same which is the subject of this controversy.

These executions were not returned to the ensuing term of the County Court, nor were they ever returned to that Court; but on the 1st day of August, 1868, new executions were issued on the same judgments and on the same day levied upon the same land. The last executions were returned to Fall Term, 1868, of the Superior Court. The case states that they were put on the " scratch " docket, but not on the trial docket until Spring Term, 1869, from which term a notice was issued and served on defendant of a motion to be made at Fall Term, 1869, for an order to sell the land levied on. The defendant not appearing, the judgment was confirmed and an order of sale granted, all of which was entered on the Judgment Docket. A *ven. exp.* issued and the land was sold on the 7th March, 1870, when the plaintiff bought it and received the sheriff's deed, and this without any assignment of homestead to defendant.

The defendant, among other things, insisted that the pur-chase by the plaintiff at the sheriff's sale, was inoperative to divest his title and vest it in the plaintiff; that the issue of new executions on the 1st August was a waiver of the levies there-tofore made; and that his right to a homestead had attached before the judgments and executions of the Superior Court had become a lien on the land sued for.

His Honor being of opinion that the returns to the Superior Court were authorized by law, and that the orders of sale therein were upon causes properly constituted in that Court, and that the sheriff's sale and deed passed the whole title, without any lien as to a homestead, gave judgment in favor of plaintiff; from which judgment defendant appealed.

*L. M. Scott, Dillard & Gilmer,* for appellant.
*Gorrell, Scales & Scales,* contra.

READE, J. By the levies of the executions on 27th February, 1868, the plaintiff in those executions acquired a specific lien upon the lands levied on, the same as those in dispute, which barred the defendant's right to a homestead under the Consti-tution, which did not go into effect until 1st July, 1868. *McKethan* v. *Terry,* 64 N. C. Rep., 25.

But those levies were abandoned and lost their force by suing out new executions 1st August, 1868, under which new levies were made and subsequently the sale to plaintiff, on 7th March, 1870. These levies and sale were subsequent to the homestead law. So that at the time the homestead law went into operation the plaintiff in the executions, having abandoned his levies, had only a judgment, which was not such a lien as to have the defendant's homestead.

If the defendant's homestead had been laid off as it ought to have been, and there had been an excess of land, such excess would have been liable to sale. And so now if, after laying off the homestead, there be an excess, the plaintiff will be entitled to the excess. And if there be no excess it may be that the plaintiff will have his remedy against the plaintiff in the exe-

cution under which the land was sold, under Statute Rev. C., chap. 45, sec. 27, which gives a remedy to purchaser at execution sale, where the title to the property turns out to be defective. But this is not now before us.

There is error. This will be certified and the cause remanded that the parties may proceed as they may be advised.

PER CURIAM.                    Judgment accordingly.