O. P. JAMES Guardian and others v. OWEN WEST.

*Homestead — Failure of Lien.*

The lien created by a levy made under execution prior to the adoption off
the Constitution of 1868, is lost by a failure to take out a *ven. ex.* and
the issuing of an *alias fi. fa.* after the Constitution went into effect.

(*McKethan* v. *Terry*, 64 N. C 25; *Yarboro* v. *State Bank*, 2 Dev. 23, cited
and approved.)

CIVIL ACTION, for the recovery of Land, tried at Fall Term,
1876, of WAYNE Superior Court, before *Seymour, J.*

The action was brought to the Superior Court of Duplin
County and removed to Wayne.

The plaintiff claimed under a deed executed by the Sher-
iff of Duplin, and introduced a transcript of a judgment
rendered at Fall Term, 1867, of the Superior Court of said
County in an action wherein Jere. Pearsall, G'd'n, &c. was
plaintiff and the defendant, Owen West *et. al* were defend-
ants.

On said judgment an execution issued January 9th, 1868,
and was returned levied February 3rd, 1868, on the *locus in
quo.*

On the 15th of October, 1868, another execution issued on
said judgment but by direction of the creditor was not
levied on the property of West.    On the 10th of March, 1869,
another execution issued on said judgment returnable to
Spring Term, 1869, and upon which the former levies were
entered and under which on May 1, 1869, the Sheriff sold
the land in dispute when W. R. Ward became the purchaser
and transferred his bid to the plaintiff to whom the Sheriff
executed a deed.

The defendant claimed the land as a homestead it being
admitted that it did not exceed $1,000 in value.    Plaintiff

insisted that by reason of the levy of February 3d, 1868, the defendant was not entitled to a homestead but upon an inti--mation of His Honor that this levy was waived by the issu-ing of subsequent executions, the plaintiff submitted to a. nonsuit and appealed.

*Messrs. Smith & Strong*, for plaintiff.
*Mr. J. L. Stewart*, for defendant.

READE, J.   The levy of February, 1868 was prior to the Constitution which establishes a homestead and created a. lien which if it had been kept up would have defeated the defendants' homestead.   *McKethan* v. *Terry*, 64 N. C. 25.

But the plaintiff instead of taking out a *ven ex.* with a *fi. fa.* clause, took out an *alias fi. fa.* after the Constitution went into effect.   And he thereby lost his prior lien.   *Yarboro* v. *State Bank*, 2 Dev. 23.

There is no error.

PER CURIAM.                          Judgment affirmed.