SAMUEL WATKINS v. WARREN OVERBY.

*Lien of Attachment—Homestead.*

The lien of an attachment levied upon the land of a non-resident debtor is paramount to the right of homestead therein acquired by the debtor by becoming a citizen of the state prior to the rendition of judgment in the action.

(*McKeithan* v. *Terry*, 64 N. C., 25 ; *Ladd* v. *Adams*, 66 N. C., 164, cited and approved.)

MOTION in the Cause, heard at Spring Term, 1880, of GRANVILLE Superior Court, before *Seymour, J.*

At the commencement of his action, the plaintiff sued out a writ of attachment against the estate of the defendant, who had removed from the state and was then residing in Virginia, and it was levied on November 8th, 1875, upon certain real estate in Granville. At spring term, 1876, the defendant appeared and put in his answer to the complaint, and at spring term, 1880, the plaintiff recovered judgment for his debt. After the levy, the defendant returned and be-

came and was again a resident of said county at and before the rendition of the judgment.

The plaintiff moved the court for a writ of *venditioni exponas*, to sell the attached lands free from any claim of homestead on the part of the defendant. The court refused the motion and ordered the clerk to issue the writ authorizing and directing the sheriff to sell the excess only after an allotment, from which judgment the plaintiff appeals.

*Mr. M. V. Lanier*, for plaintiff.

*Messrs. Reade, Busbee & Busbee, J. B. Batchelor* and *L. C. Edwards*, for defendant.

SMITH, C. J. The only question presented for our determination, is whether the right of homestead acquired by the return and residence of the debtor is paramount and displaces the lien of the precedent attachment. The constitution and the laws pursuant to it exempt from sale under execution or other final process for debt, the homestead of the debtor, not exceeding in value the sum of one thousand dollars, owned and occupied by any resident of this state." Art. X, § 2; Bat. Rev., ch. 55.

The right to the exemption is inseparable from residence and not existing at the time of the levy, the lands of the debtor were then liable to seizure and sale for the satisfaction of the plaintiff's debt, and equally to the process of attachment by which they are appropriated and secured to meet his recovery. Under the repeated adjudications of this court prior to the reversal by the supreme court of the United States of the decision in *Edwards* v. *Kearzey*, the homestead provision was declared to be retrospective as well as future in its application to debts. Previous to the reversal, this court held that while the lien of an execution running back to its teste, but which was levied after the adoption of the constitution did not defeat the debtor's

homestead, the specific lien created by a prior levy did have that effect. *McKeithen* v. *Terry*, 64 N. C., 25; *Ladd* v. *Adams*, 66 N. C., 164.

In the absence of more direct adjudications upon the point, we have extended our enquiries to those of other states whose laws are substantially like our own, and vary in requiring selection and actual occupancy of the land as a homestead by the insolvent debtor. The results of the examination we propose to give in citations from some of the adjudged cases.

In *Elston* v. *Robinson*, 21 Iowa, 531, it is decided that the judgment created a lien upon the land of the debtor which he could not divest by subsequently using and occupying for the purpose of a homestead.

In *Bullen* v. *Hiatt*, 12 Kan., 98, VALENTINE, J., thus expresses the opinion of the court: "The main question in this case seems to be whether the homestead right defeats the attachment lien. We think it does not. The attachment lien existed nearly three months before the homestead right was created, and while homestead laws are everywhere to be considered favorably, yet they are not to be so construed as to destroy pre-existing rights. Of course the defendant in this case had a right to make the land his homestead, but he could do so only in subjection to the attachment lien. An attachment lien, like other liens, though not an estate in the land, is such a valid interest therein that it cannot be affected by any subsequent act of the debtor."

In a later case the debtor acquired a homestead right after the attachment was levied, and within four months after the levy he was adjudged a bankrupt. The court was of opinion that the land covered by the homestead being exempt under the laws of the state, did not pass to the assignee, but remained under the lien to be enforced in the courts of the State. *Robinson* v. *Wilson*, 15 Kan., 595.

The doctrine is explicitly laid down and sustained by forcible reasoning by Chief Justice GILFILLAN in the supreme court of Minnesota, as follows: "The proposition that property may be seized, attached or levied upon to answer the debts of the owner includes the further proposition that such seizure, attachment or levy may be made effectual by a sale or any subsequent acts necessary for that purpose. The liability to seizure implies the liability to sale. The right to sell is fixed by the seizure. Such right is from the time the lien attaches by the seizure a *vested right and property.* In this respect there is no difference between a lien secured by a levy of attachment and one secured by the docketing of a judgment or the levy of an execution, except that it may be defeated by a dissolution of the attachment or a failure to obtain judgment." *Kelly* v. *Dill,* 23 Minn., 435.

From numerous adjudications cited, the author of a recent work on this subject declares this result: "A valid lien placed on land before it acquires the character of a homestead will not be afterwards impaired by the debtor occupying such land as his homestead. If the legislature of a state cannot divest such a lien, it is clear that a private individual cannot." Thom. on Hom. and Ex., § 317.

This is in our opinion a concise and correct exposition of the law and needs no further illustration in its support. The constitutional exemption looks to the protection and preservation of the land upon which the debtor has made or may make his home for himself and family against the consequences of his own improvidence or the vicissitudes of business, and that his home may be cherished and improved, and this policy finds favor in the past adjudications of the court. But the right of the creditor to subject property not thus exempt, vested and fixed by the levy of the process of the law, and thus set apart and appropriated to his debt is as sacredly guaranteed in the same constitution

and in the sense of natural justice. We are not at liberty to subvert or disturb the one in order to let in the other right.

There is therefore error in the ruling of the court below and the plaintiff is entitled to his motion. Judgment is reversed and this will be certified.

Error.                                                    Reversed.