In *Adrian* v. *Shaw*, from Cumberland.

SMITH, C. J. When this cause was before us at January term, 1880, (82 N. C., 474,) it received the careful consideration of the court, and its members were unanimous in the conclusion announced in the opinion. We have, after another exhaustive argument upon the re-hearing, reconsidered the point then decided, with a desire to correct any error into which we may have then fallen when pointed out, and our convictions remain unchanged. The cases called to our attention are from states in which the homestead is deemed to be land occupied as a place of residence or dwelling, and losing its exemption from liability to forced sale as soon as it ceases to be so occupied. The adjudications upon the provisions contained in the constitution of this state proceed upon the idea of an exemption of land of limited value, that not only now is, but may become the home of the insolvent debtor, and that it may be improved as a permanent residence; hence, the pre-existent homestead right may attach to land wholly unoccupied. *Martin* v. *Hughes*, 67 N. C., 293; *Mayho* v. *Cotton*, 69 N. C., 289. Even a fraudulent conveyance, void as to creditors, is void also as to the homestead right. *Crummen* v. *Bennett*, 68 N. C., 494. In the former opinion, Mr. Justice ASHE says: "The law, when it authorizes one to sell his homestead, would be untrue to itself and the obligations of justice, if it were to allow the owner to sell it, receive a full and fair price, and then leave it subject, in the hands of his vendee, to the satisfaction of

his debts. We cannot believe that to be the law." Again, in *Watkins* v. *Overby*, 83 N. C., 165, it is declared that "the constitutional exemption looks to the protection and preservation of the land upon which the debtor has made, or *may make his home* for himself and his family," etc. The decisions in other states (the scope of whose statutory provisions on this subject are not altogether like our own, as heretofore interpreted,) are unsafe guides in determining the present question. We must adhere to our own exposition of the constitution and laws enacted to subserve its policy, unless clearly erroneous; for the unsettling of prior adjudications is often more fruitful of mischief than the error proposed to be corrected. We must, therefore, adhere to our former ruling on this point. The *case* sent up states that a jury trial was waived and the facts found by His Honor, and is directly repugnant to the record, which shows a verdict to have been rendered by the jury, subject to the opinion of the court upon the point reserved, the facts of which are set out in the case ; and if the court should be of opinion with the plaintiff, judgment was to be entered on the verdict : otherwise the verdict to be set aside and a nonsuit entered. As the record must prevail in this conflict, and we must render such judgment as ought to have been rendered in the court below, the verdict must be set aside and a nonsuit entered, and it is so adjudged. The former judgment wherein it differs from this must be reversed.

PER CURIAM. Judgment accordingly.