THE McINTOSH GROCERY COMPANY v. L. C. NEWMAN.

(Filed 15 November, 1922.)

**1. Execution—Choses in Action—Common Law—Statutes.**

At common law, choses in action were not subject to seizure and sale under final process of execution, and except and to the extent the same have been modified or changed by statute, this rule still prevails.

**2. Same—Equity—Fi. Fa.—Supplemental Proceedings.**

Except in case of attachment proceedings, wherein provision is made for exceptional and urgent cases, choses in action can only be made available to the creditor by civil action in the nature of an equitable *fi. fa.,* or by the statutory method of supplemental proceedings, both of which methods, in this jurisdiction and in proper instances, are still open to claimants.

**3. Same—Negotiable Instruments—Notes—Banks and Banking—Collaterals—Set-off.**

In proceedings supplemental to execution, notes owned and held by the judgment debtor, or hypothecated as collateral to his own notes made to a bank, are choses in action, and the bank may apply them to the payment of its own claims against the judgment debtor, in accordance with the terms of hypothecation, when the same have matured, and when not matured, and it has an equitable right of set-off when the debtor is insolvent, to the extent necessary to protect its own interest, and, also, the right of application according to any contract it may hold which specifically affects the property.

**4. Same—Notice.**

A judgment creditor, in pursuing the remedy allowed by our statutes in supplemental proceedings, C. S., 711 *et seq.,* acquires no lien upon the choses in action of the judgment debtor held by a bank as collateral by the issuance of notice, this being shown by perusal of section 714, providing for arrest and bond, on proper affidavit, etc.; section 717, for an order of the judge, without arrest, for bidding the transfer of the judgment debtor's property, etc.; section 723, for the appointment of a receiver, etc.

**5. Same—Deposits.**

A bank may apply the deposits of its customer to the payment of his note after maturity, by way of set-off, unless some other creditor has in the meantime acquired a superior right thereto in some way recognized by the law; and a mere notice to the bank in proceedings supplemental to execution is insufficient to deprive the bank of this right.

**6. Same—Levy.**

Where it has been determined in proceedings supplemental to execution that there are certain notes made payable to the judgment debtor, some of which he has hypothecated with a bank as collateral to his own notes given thereto, a levy of the sheriff, by virtue of the writ therein, requiring that the bank turn over and deliver to him all such of the collaterals as may be sufficient to satisfy the judgment in a certain amount, is inoperative and ineffectual.

**7. Appeal and Error—Judgment—Fragmentary Appeal—Cost.**

Where the clerk of the Superior Court, in supplemental proceedings, has erroneously entered an order that a bank holding certain collateral of the judgment debtor turn the same over to the sheriff to satisfy the execution issued under the judgment, the finding of the Superior Court judge that the facts were insufficient, and his setting aside the clerk's order and remanding the cause for further hearing and findings in the proceedings, without prejudice to either party, is not such final judgment, or one in its nature final, as will admit of instant appeal to the Supreme Court, and the appeal therein will be dismissed, at appellant's cost.

**8. Same—Dismissal—Court's Discretion—Objection and Exception.**

While it is held in this case that the appeal was premature and improvidently taken, the Supreme Court expresses its opinion on the exceptions presented in the record, the nature of the case rendering it desirable, under the authority of *S. v. Yates*, 183 N. C., 753, and other cases cited.

APPEAL by plaintiff from *Calvert, J.,* at September Term, 1922, of CRAVEN.

This is a proceeding supplemental to execution. From the facts embodied in the judgment of the clerk, it appears that plaintiff had recovered judgment against defendant in Superior Court of said county for $427.80 and costs, and caused same to be docketed in said county on 20 December, 1921. That under execution issued upon said judgment the sheriff of the county attempted to levy and collect same on defendant's bank deposit in the National Bank of New Bern, and holding said execution on Monday, 17 July, 1922, issued and served on the bank a notice in terms as follows:

"That under and by virtue of the writ of execution issued from the Superior Court of Craven County in the above entitled action, and to me issued, I have and do hereby levy upon the funds of L. C. Newman, on deposit in the said bank, and any and all debts or indebtedness due by said bank to the said L. C. Newman.

"You will further take notice that you are required hereby to furnish to me, the undersigned sheriff of Craven County, statement under oath of all such sums on deposit or due by you as said bank to the said L. C. Newman, or to appear before the clerk of the Superior Court within ten days from the date and answer under oath touching and concerning such matters and things.

"You are further notified and directed, under and by virtue of said writ, to forthwith turn over and deliver to me, the undersigned sheriff, all such sums as may be sufficient to satisfy said judgment in execution, in amount of $468.08."

That at time of notice served defendant had a general bank deposit of $877.97; to closing hours of 17 July, there were checks drawn and paid on said deposit of $33.88. That at said time the bank, among others, held the promissory note of defendant for $475, due and payable 18 July, 1922, and at said time held other notes of said defendant amounting from $2,000 to $3,000, and had collateral to secure such indebtedness as it matured to the nominal amount of $2,855, as to which the actual value or solvency of the parties has not been determined. That on 19 July, on affidavit properly made, the clerk of the court entered an order requiring that the bookkeeper, an official of the bank, and defendant appear before said clerk for examination on 28 July, 1922, touching the property of said Newman then held by the bank.

Upon such examination it appeared that the judgment debtor had no visible or tangible property subject to execution. That, in addition to the $475 due 18 July, he owed the bank from $2,000 to $3,000, not yet matured, and secured by collateral in the nominal sum of $2,855. That defendant also produced a list of notes and open accounts held by him other than those deposited with the bank as collateral, aggregating the nominal sum of $6,471.56. That it was not disclosed or made to appear on said examination what was the real value of the notes and accounts of judgment debtor, either those held by the bank or otherwise.

Upon the facts as then presented of record, the clerk entered judgment as follows: "It is now ordered that the National Bank of New Bern turn over to the sheriff of Craven County the sum of $877.97, less the amount of checks that had been drawn and presented against the said amount in the aggregate sum of $33.88.

"That the defendant Newman turn over to the sheriff of Craven County. the notes enumerated in the schedule of effects, to wit: the note of John Saunders for $900, secured by deed of trust; note of Roscoe Jones, $100, secured by deed of trust; note of Alec Henderson, $600, secured by deed of trust, and note of James Williams, $500, secured by deed of trust; note of Luke Brown, $500, and the book of account as follows, to wit: Schedule A. (These being among the notes held by the bank as collateral.)

"And that the sheriff proceed to collect the execution in his hands in this action by application of the sum from the National Bank, and by sale of the property above enumerated, or so much thereof as may be necessary as provided by law."

To this order the National Bank excepted, and in so far as the same affects its rights and interests, and appeals to the judge of the Superior Court. On consideration of the appeal, the court heard, in addition, the testimony of the cashier as to the value of the collateral deposited with the bank, and entered judgment as follows:

"This matter coming on to be heard before his Honor, T. H. Calvert, judge, W. W. Griffin, cashier of the National Bank of New Bern, was called and testified as follows: 'That it was impossible to say at this time that the notes, etc., deposited with said bank by defendant Newman as collateral security for said Newman's indebtedness to said bank was sufficient to secure and pay said indebtedness; that some of the notes were collectible and others incollectible; that said Newman's note for $475, and which was payable 18 July, 1922, was also signed by C. J. Bedell, and the same was charged by said bank to said Newman's account on 18 July, 1922.'

"The court finds the facts appearing are insufficient, the order of the clerk is set aside, and this cause remanded for further hearing and findings in the supplemental proceedings, without prejudice to either party.

"This 7 September, 1922.                    THOMAS H. CALVERT,
                                                   *"Judge Presiding."*

Plaintiff thereupon excepted and appealed.

*Guion & Guion for plaintiff.*
*R. A. Nunn for National Bank of New Bern.*

HOKE, J. At common law choses in action were not subject to seizure and sale under final process of execution, and the principle still prevails except and to the extent that the same has been modified or changed by statute.

In this jurisdiction, and except in case of attachment proceedings wherein provision is made for exceptional and urgent cases, this kind of property can only be made available to the creditor by civil action in the nature of an equitable *fi. fa.* or by the statutory method of supplemental proceedings, both of which remedies in proper instances are here still open to claimants. *Boseman v. McGill, ante,* 215; *Bank v. Burns,* 109 N. C., 105; *Hancock v. Wooten,* 107 N. C., 9; *Monroe v. Lewald,* 107 N. C., 655; 6 Pomeroy Equity, secs. 871-877.

On the facts presented, the property of the judgment debtor involved in this controversy are but choses in action as to which the bank has

the general right of appropriation to claims held by it against said defendant, where such claims have matured and a right of set-off under recognized equitable principles when its debtor is insolvent, and to the extent required to protect its own interests, and with the additional right of application according to any contract it may hold which specifically affects the property. *Moore v. Trust Co.,* 178 N. C., 118; *S. c.* (*Moore v. Bank*), 173 N. C., 180; *Hodgin v. Bank,* 124 N. C., 540; *Hawes v. Blackwell,* 107 N. C., 196; 5 Cyc., 553; 3 A. & E., 827.

In the instant case the judgment creditor is pursuing the statutory remedy of supplemental proceedings, C. S., ch. 12, art. 30, sec. 711 *et seq.,* and a perusal of this legislation and the authorities apposite will disclose that no lien arises to the creditor by the mere issuance of the notice. This will appear from the various provisions of the statute by which a lien may be secured and the remedy made effective for the application of this kind of property.

Thus, in section 714, on proper affidavit the judgment debtor may be arrested and a bond required providing for his continued attendance and against any disposition of his property meantime in fraud or hindrance of the proceedings. In section 717 it is provided that the court or judge may, by order and without arrest being had, forbid any transfer or other disposition or interference with the property of the judgment debtor not exempt from execution. And section 723 authorizes the appointment of a receiver in whom the title of the property shall vest from the date of the service of the restraining orders, if any have been made, and otherwise from the filing and recording of appointment of the receiver.

A proper application of the rules and principles stated is in full support of his Honor's judgment setting aside the order of the clerk and directing that further evidence be had affecting the rights of these parties. It clearly appearing that no intelligent or satisfactory disposition of the cause can be made in the present condition of the record.

As to the collateral held by the bank under a specific contract, it has the undoubted right to hold and apply the proceeds to its debts whenever realized on and required for their payment. As to the deposit of $877.97, less $33.88 checked out on 17 July, leaving a balance on that date of $844.09, no lien having been acquired by the notice, the bank had the lawful right to apply the deposit, or so much as required, to the payment of its debt of $475 maturing on 18 July, and this much of said fund is in no event available to the creditor. In reference to the remainder of the deposit, $844.09 minus $475, leaving a balance of $369.09, the creditor having procured a restraining order of date, 19 July, served same day, and the bank having no specific lien on said deposit and, so far as now appears, there being no further debt presently due the bank,

the rights of the parties would seem to depend on the principles of equitable set-off, referred to and approved more especially in case of *Moore v. Bank,* 173 N. C., 180; *Hodgin v. Bank,* 124 N. C., 540. But further expression on this matter is reserved until a fuller disclosure of the pertinent facts is had pursuant to his Honor's order.

While we have thus expressed our opinion on the exceptions presented in the record, a course sometimes pursued by the Court when the nature of the case renders it desirable, *S. v. Yates,* 183 N. C., 753-755; *Gilbert v. Shingle Co.,* 167 N. C., 290; *In re Sermons,* 182 N. C., 122-129, we must not be understood as approving the plaintiff's right of appeal from the order entered by his Honor. It has been repeatedly held with us that except where otherwise expressly provided by statute, an appeal may be taken to this Court only in case of a final judgment, or one in its nature final, and under the principle upheld in these decisions, the judgment of his Honor directing the taking of further testimony is clearly neither the one nor the other, and on authority, therefore, the appeal must be dismissed at the cost of appellant. *Corporation Com. v. Trust Co.,* 183 N. C., 179; *Cement Co. v. Phillips,* 182 N. C., 437.

Appeal dismissed.