### NEWBERRY et al. v. DAVISON CHEMICAL CO. et al. (two cases).
### Nos. 3475, 3478.

Circuit Court of Appeals, Fourth Circuit.
June 15, 1933.

R. E. Whitehurst, of New Bern, N. C., and F. S. Spruill, of Rocky Mount, N. C. (Leon Tobriner, of Washington, D. C., F. S. Spruill, Jr., of Rocky Mount, N. C., and E. M. Green and W. B. R. Guion, both of New Bern, N. C., on the brief), for appellants.

L. I. Moore, of New Bern, N. C., Kenneth C. Royall, of Raleigh, N. C., and Tazewell Taylor, Sr., of Norfolk, Va. (M. B. Simpson, of Elizabeth City, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

These are appeals from orders denying motions to discharge receivers and direct that property in their hands be turned over to

sheriffs holding executions against the corporations for which the receivers had been appointed. The motions were made upon special appearances, entered for that purpose by persons who were not parties to the suits in which the receivers were appointed, but were plaintiffs in an action pending in the superior court of Craven county, N. C., in which garnishment judgments had been entered and executions thereon issued against the corporations. The judge below, while intimating an opinion that appellants were not entitled to appeal from the orders denying their motions, nevertheless granted them an appeal that the matter might be passed on by this court; and appellees have made motions here that the appeals be dismissed.

The appellants are creditors of the E. H. & J. A. Meadows Company, an insolvent corporation which was wound up under receivership proceedings in the court below instituted some time prior to 1931. They became the purchasers at judicial sale of the assets of that corporation, at a price admitted at the bar of this court to be $35,000; and thereafter on June 30, 1931, instituted an action in the superior court of Craven county, on a cause of action alleged to have been so acquired, against the Davison Chemical Company, the Meadows Fertilizer Company, and one C. Wilbur Miller, asking damages in the sum of $1,500,000, which it was alleged that the E. H. & J. A. Meadows Company had sustained as the result of an unlawful conspiracy on the part of the defendants. A motion to remove this action to the federal court was denied, a demurrer to the complaint was overruled, and the action of the superior court with respect to both these matters was sustained on appeal in an opinion filed by the Supreme Court of North Carolina March 23, 1922. Newberry v. Meadows Fertilizer Co., 202 N. C. 416, 163 S. E. 116. A motion to docket the case in the federal District Court, notwithstanding the denial of the petition for removal, was itself denied by the judge below, and the cause was remanded to the state court. Newberry v. Meadows Fertilizer Co., 1 F. Supp. 665.

At the time of instituting the conspiracy action in the state court, the appellants caused warrants of attachment to be issued against the property of the Davison Chemical Company, and writs of garnishment were issued and served upon the Meadows Fertilizer Company and the Eastern Cotton Oil Company, two of its subsidiary corporations which were largely indebted to it. The Meadows Fertilizer Company and the Eastern Cotton Oil Company filed answers to the writ admitting an indebtedness to the Davison Chemical Company of $366,103.80 and $2,550,659.21, respectively; and judgment was thereupon entered against the Meadows Fertilizer Company for $366,103.80 and against the Eastern Cotton Oil Company for $1,500,000, to be discharged upon the payment of any judgment which might be recovered in the action against the Davison Chemical Company. Thereafter on August 13, 1922, an order was entered directing the Davison Chemical Company to return to the garnishees $885,540 which it had collected from them subsequent to the judgment in the garnishment proceeding and enjoining the garnishees from making further payment to the Davison Chemical Company on the indebtedness due at the time of the institution of the action. Upon appeal to the Supreme Court of North Carolina, this order was sustained in so far as it enjoined future payments, but the portion directing the repayment of collections was reversed on the ground that, in the absence of levy of execution, no lien was obtained upon the personal assets of the garnishees. Newberry v. Meadows Fertilizer Co., 203 N. C. 330, 166 S. E. 79.

On February 2, 1933, appellants caused executions to be issued on the judgments against the garnishees, and placed same in the hands of the sheriffs of the various counties in which the garnishees had property with direction to make levy. There is a controversy as to whether these executions were lawfully levied, but, in the view which we take of the matter, it is not necessary to go into this question here. On February 4th the garnishees obtained from the judge of the superior court an order recalling the executions and requiring appellants to show cause why they should not be enjoined from issuing further executions until the final disposition of the principal action. A hearing was had on this matter on February 8th, and the judge took it under advisement. On the next day, he indicated to counsel for garnishees that he was going out of the state but intended upon his return to vacate the order recalling the executions and to deny the injunction prayed. The order denying the injunction and vacating the prior order was not entered, however, until February 13th.

On February 11th, before the order recalling the executions was vacated, the Davison Chemical Company presented two bills to the judge below, asking receivers for the Meadows Fertilizer Company and the Eastern Cotton Oil Company. These bills showed the

requisite diversity of citizenship and a large indebtedness on the part of the defendants apart from that which had been subjected to garnishment. · In the case of the Eastern Cotton Oil Company the indebtedness was $2,094,645.58, of which amount $80,000 was for goods sold subsequent to November, 1932, and $1,344,606.10 represented indebtedness not subjected to the garnishment. In the case of the Meadows Fertilizer Company, the indebtedness was $264,215.80, of which $32,636.32 was not subject to the garnishment. The bills apprised the court of the proceedings pending in the state court, and averred that the defendants were in danger of having their business destroyed and of being rendered insolvent as a result thereof. It was alleged that a large part of the assets of both corporations consisted of notes and bills receivable, representing credit advanced to farmers in Eastern North Carolina, and that the value of these assets depended upon the continued operation of the plants of the defendants so that they might perform the contracts upon which they had entered. Both defendants filed answers admitting the allegations of the bills and consenting to the appointment of receivers; and receivers were thereupon appointed.

On February 25th these appellants entered in each case a special appearance in the court below, and moved that the receivers be discharged and that they be directed to turn over to the sheriffs holding executions all property of the defendants, including real property and choses in action, as well as tangible personal property. On March 2d the court denied this motion, but carefully protected the rights of appellants under any liens which they might have acquired under the executions issued, in an order which contains the following provision:

"It is further ordered and adjudged that any rights or remedies, liens or priorities in the administration of the estate of the defendant in this equitable proceeding shall be preserved and protected and any person claiming to hold any such lien, priority or right of possession of any property of the defendant, may file by proper petition of intervention any such right or claim as they may have to such lien, priority or right of possession as provided by law, and the assets of said defendant shall be held and administered within the jurisdiction of this court until the final determination of any such claims, liens or priorities or rights of possession thereto, and no funds except for necessary operating expenses shall be paid out by the receivers without an order of the court duly made herein."

On March 6th the court entered a general order in each case enjoining all persons from interfering in any way with property in the hands of the receiver; but no exception to this order was entered and no motion made to vacate, modify, or limit it. The appeal taken was from the order denying the motion to discharge the receivers. The appellants refused to make themselves parties to the receivership suits, even for the sole purpose of appealing from the denial of their motion, and the judge below was of opinion that for this reason they were not entitled to appeal therefrom. He nevertheless granted them an appeal in each case; and it is upon these appeals that the cases are before us.

We need not consider the questions raised as to the levying of the executions or the rights of the parties between the time that the executions were recalled and the time when the order was entered vacating the order recalling them; for we think it perfectly clear that the appointment of the receivers was proper even if it be assumed that the executions were properly levied and never recalled. Only the tangible personal property of the defendants seized by the officers holding the execution came under the control of the state court in any event; for it is well settled in North Carolina that execution gives no possession or right of possession of real estate and does not affect choses in action. As to real estate, the rule is that a docketed judgment constitutes a lien which may be enforced by sale under execution, but until such sale is made and deed pursuant thereto executed, the right of possession in the owner is not affected. Barden v. McKinne, 11 N. C. 279, 15 Am. Dec. 519; Seawell v. Bank, 14 N. C. 279, 22 Am. Dec. 722; Ladd v. Adams, 66 N. C. 164. The sheriff at no time has either possession or right of possession of real estate merely because he holds an execution. As to choses in action, these cannot be reached by execution. They are subjected to the satisfaction of a judgment under the practice prevailing in North Carolina by supplemental proceedings under the Code (C. S. N. C. § 711 et seq.), which are in the nature of an equitable fi. fa. or creditor's bill. McIntosh Grocery Co. v. Newman, 184 N. C. 370, 114 S. E. 535; McIntosh North Carolina Prac. & Proc. § 720. It is clear, therefore, that there were assets of the defendant corporations, including real estate and choses in action, which were not in the possession of any officer of a state court, and that it was proper to appoint receivers to conserve these assets for the benefit of their creditors and stockholders. So far as the Eastern Cotton Oil

Company is concerned, it appears that it owned valuable property in the state of Virginia, which could not by any possibility have been affected by executions from the North Carolina courts.

■■ It is well settled, of course, that a federal court, being a court of co-ordinate jurisdiction with the courts of a state, will not attempt to interfere with the possession of property by the latter. Lion Bonding Co. v. Karatz, 262 U. S. 77, 89, 43 S. Ct. 480, 67 L. Ed. 871; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 54, 28 S. Ct. 182, 52 L. Ed. 379; Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U. S. 51, 61, 20 S. Ct. 564, 44 L. Ed. 667. And, where the suits are of the same character and involve the same issues, and the proceeding in the state court was first instituted, the federal court will stay its hand even though the state court may not have acquired the actual possession of the property, as where a state court has appointed receivers who have not actually taken possession at the time a receivership is sought in the federal court. Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., supra; Palmer v. Texas, 212 U. S. 118, 129, 29 S. Ct. 230, 53 L. Ed. 435. The basis of the rule last cited is that the federal court will not infringe upon the jurisdiction of the state court; but this basis is absent where the issues in the two suits are different and the subject-matter is not identical. In such case there is no infringement of jurisdiction in proceeding with the second suit if there is no interference with property actually taken into possession by the court in the first. Empire Trust Co. v. Brooks (C. C. A. 5th) 232 F. 641, 645. The rule is thus stated in Gluck & Becker on Receivers (2d Ed.) pp. 89–91:

"The decisive test, as expressed by the weight of authority, is that, when the controversy in both actions is the same, the court first acquiring jurisdiction of the controversy will retain it, and it is not necessary that it should take actual possession through its receiver of the property to obtain exclusive jurisdiction. If, however, the controversy is not the same, there is no conflict of jurisdiction as to the question or cause, and the court which first acquires jurisdiction over the property by actual seizure through its receiver will enforce that jurisdiction, and assume the actual possession, to which it gives the right, and until the property is seized, no matter when the suit was commenced, the court does not have jurisdiction over the property, and another court of concurrent jurisdiction may appoint a receiver, and through him take possession of the property."

■■ It is clear that the issues and subject-matter in a suit for the appointment of receivers for a corporation are entirely different from those involved in a garnishment proceeding in which execution has been levied upon certain of the property of the corporation as security for a judgment sought against one of the corporation's creditors; and under the rule above stated the levying of such execution does not preclude a suit for the appointment of receivers for the corporation in a court of concurrent jurisdiction. Empire Trust Co. v. Brooks, supra; Harkin v. Brundage, 276 U. S. 36, 45, 48 S. Ct. 268, 72 L. Ed. 457; Lydick v. Neville (C. C. A. 8th) 287 F. 479; Brown v. Crawford (D. C.) 254 F. 146; Pacific Coast Pipe Co. v. Conrad City Water Co. (C. C. A. 9th) 245 F. 846; United States F. & G. Co. v. First National Bank (C. C. A. 8th) 239 F. 227; Ingraham v. National Salt Co. (C. C.) 139 F. 684. Of course, the receivers appointed cannot interfere with possession acquired under the executions issued by the state court, if there was such possession, and the court itself cannot enjoin enforcement of execution liens perfected in the state court before the appointment of the receivers. Ke-Sun Oil Co. v. Hamilton (C. C. A. 9th) 61 F.(2d) 215, 217, 218 and cases there cited.

What has been said disposes of the question of fraud upon the jurisdiction, so earnestly urged upon us. As the receivers appointed by the court below could not interfere with the possession of officers of the state court, it is idle to talk of fraud upon the jurisdiction. Appellants rely upon Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; but in that case action on stockholders' bill for appointment of receiver in the state court was delayed while a nonresident creditor was sought out to bring a creditors' bill in the federal court. The conflict was between the receivers of the two courts for possession of identical property; the federal receiver claiming the right to possession because he was first appointed. It was held that the means by which the state court was induced to delay action constituted a fraud upon the jurisdiction of both courts, and that the federal court on principles of comity should have accorded to the state court an opportunity to exercise its jurisdiction. Here not only was no fraud perpetrated on either the state court or the federal court, but under the principles to which we have adverted the

exercise of jurisdiction by the federal court in the receivership suit will not interfere with property in the possession of officers of the state court.

Questions as to the right of possession of particular property and the enforcement of liens perfected thereon prior to the appointment of the receivers are not before us on this appeal, however, as the motion from denial of which appeal was taken was a general one for the discharge of the receivers, and the order entered preserved the right of any person claiming a lien or right of possession to assert same by intervention. And, as heretofore stated, no appeal was taken from the order granting the injunction. And, in addition to this, questions as to the right of the possession of property under levies of execution are questions to be raised, not by appellants who had neither the possession nor the right of possession of such property in any event, but by the officers in whom right of possession upon levy is vested. See Penland v. Leatherwood, 101 N. C. 509, 8 S. E. 234, 9 Am. St. Rep. 38; Peck v. Jenness, 7 How. 612, 621, 12 L. Ed. 841; Hagan v. Lucas, 10 Pet. 400, 403, 9 L. Ed. 470; 17 R. C. L. 215.

Two points raised by appellants require but brief notice. It is said that there was no jurisdiction in equity to appoint receivers, because the claim of the Davison Chemical Company had not been reduced to judgment and execution returned unsatisfied. The answer to this is that the defendants admitted the allegations of the bills and consented to the appointment of receivers. Under such circumstances, the obtaining of judgment and return of execution need not be shown, as the defense of adequate remedy at law was waived. In re Metropolitan Ry. Receivership, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 38 L. Ed. 98; Pillinger v. Beaty (C. C. A. 4th) 265 F. 551; Cincinnati Equipment Co. v. Degnan (C. C. A. 6th) 184 F. 834; Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626, 633. It is also argued that, as the garnishment proceeding was in effect a suit by the Davison Chemical Company against the garnishees in the name of the appellants (Goodwin v. Claytor, 137 N. C. 224, 49 S. E. 173, 67 L. R. A. 209, 107 Am. St. Rep. 479), the state court had acquired jurisdiction of the controversy over the indebtedness, and the federal court could not appoint a receiver for the purpose of collecting the same debt. But the proceeding as against the garnishees was clearly in person-

am, and the pendency of a personal action in a court of the state would not bar the prosecution of a similar action in a federal court and vice versa. Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. And certainly the fact that judgment had been obtained on the debt would not bar a suit for the appointment of a receiver. In addition to this, it clearly appeared, as stated above, that the claims of the Davison Chemical Company against the Eastern Cotton Oil Company and the Meadows Fertilizer Company embraced large amounts not subjected to the garnishment. But the identity of the indebtedness has no bearing on the question of jurisdiction to appoint receivers. Any conflict of jurisdiction, on the principles above stated, must relate to jurisdiction over specific property claimed to have been seized under execution before the appointment of receivers; and, as pointed out above, questions of this character are not before us on this appeal.

While because of the importance of an early decision of the questions involved we have thus indicated our opinion as to the power of the court below to appoint receivers, we do not think that the appellants had any right of appeal from the order denying their motion. They were not made parties to either of the suits in the court below, and there was thus no basis for a special appearance to contest the jurisdiction of the court over them. They did not make themselves parties to either of the suits, by intervention or otherwise, but expressly refused to do so. Not being parties, they are not bound by any of the orders or decrees which have been entered and consequently cannot appeal from them, as it is only a party affected by an order or decree who may appeal from it. Louisiana v. Jack, 244 U. S. 397, 37 S. Ct. 605, 61 L. Ed. 1222; Elwell v. Fosdick, 134 U. S. 500, 513, 10 S. Ct. 598, 33 L. Ed. 998; Guion v. Liverpool, London & Globe Insurance Co., 109 U. S. 173, 3 S. Ct. 108, 27 L. Ed. 895; Georgia v. Jesup, 106 U. S. 458, 1 S. Ct. 363, 368, 27 L. Ed. 216; Ex parte Cockcroft, 104 U. S. 578, 26 L. Ed. 856; In re Cutting, 94 U. S. 14, 24 L. Ed. 49.

The case of Georgia v. Jesup, supra, is directly in point. In that case the federal court had appointed receivers of an insolvent railroad at the suit of a trustee under a deed of trust securing bondholders. The state of Georgia, while refusing to make itself a party to the suit, entered a special appearance for the purpose of contesting the jurisdiction of the court, on the ground that, prior to the re-

ceivership, the property of the railroad had been levied upon under execution for taxes due the state. From an order denying and dismissing the petition of the state, it attempted to appeal to the Supreme Court. That court, speaking through Mr. Justice Harlan, said:

"The order, denying and dismissing that petition, is not one which the state can ask this court to review upon its appeal; this, for the reason already indicated, if there were no other, that the order did not conclude the state—it being no party to the suit—as to any right acquired in virtue of the executions for taxes. It was not an adjudication or judicial determination of those rights as between the state and the parties to the foreclosure suit. If, by law, the levies, in behalf of the state, were valid to the extent of creating a prior lien in its favor for taxes, or for the penalties or interest thereon,—as to which questions we express no opinion,—that priority was not affected or displaced by the subsequent possession of the property by the receivers in the foreclosure suit. In no legal sense has the state been injured by the order dismissing its petition. It may not, therefore, claim as matter of right, that this court shall, upon this appeal, review the action of the court below in declining to surrender possession of the property covered by the levies under the executions for taxes."

The appeals in both cases will be dismissed.

Appeals dismissed.