## PEARSON V. MINTURN.

1. **New trial**: FINDING OF FACTS. A finding of facts by the court is regarded by an appellate tribunal in the same light as the verdict of a jury, and will only be disturbed when clearly and palpably against the weight of evidence.

2. **Homestead**; CHANGE OF. When homestead premises, acquired before a debt was contracted, was sold, and the debtor transferred his homestead to other property of less value than the former homestead, acquired after the debt was created, all of which was done before judgment was rendered on the debt, it was held that the new homestead was exempt from judicial sale for the satisfaction of the debt.

*Appeal from Pottawattamie District Court.*

SATURDAY, DECEMBER 17.

ACTION for the recovery of real property. Defense, homestead right paramount to plaintiff's title. Trial to the court, and findings of fact, in substance, that on the 16th day of June, 1856, defendant executed his note to plaintiff, upon which suit was brought in Pottawattamie county, where the land in controversy is situated, on the 28th day of June, 1859, and on the 13th day of February, 1861, obtained judgment thereon for the sum of $1,922.61. Execution was issued on said judgment, the land in controversy levied on and sold to plaintiff for $1,000, and sheriff's deed was made to him therefor January 21st, 1864. In March, 1864, notice to quit was served on defendant, and this suit brought in April following. In April, 1853, the defendant, being the head of a family, acquired title to, and occupied as his homestead, a certain forty acres of land, situated in the same county, and continued to so occupy it till the spring of 1860, when he sold it, reserving the right to occupy it till the fall of that year, which he did. That in 1855 or 1856, the defendant bought the land in controversy, with the view of making the same his future homestead, and obtained a deed

therefor on the 11th day of April, 1860, and in October of that year moved on to, and has ever since occupied the same as his homestead. That the land first occupied as a homestead was of much more value than the tract of land in controversy, which contains forty acres.

The court found that the defendant, having changed his first homestead, which was of more value, for his new homestead, the land in controversy, of less value, that the new was exempt from judicial sale, and rendered judgment for defendant. The plaintiff appeals.

*Frank Street* for the appellant.

*Caleb Baldwin* and *Samuel Clinton* for the appellee.

COLE, J. — I. The appellant's counsel assigns as the first error that the court erred in its finding of facts. A find-
**1. NEW TRIAL:** ing of facts by the court is regarded in the same
**finding of facts.** light by an appellate tribunal as the verdict of a jury, and will only be disturbed where it is clearly and palpably against the weight of evidence. We do not think the finding in this case is so clearly against the weight of evidence on any point as to justify us in disturbing it.

The particular fact found, of which appellant's counsel complains, is that the defendant bought the property in controversy in 1855 or 1856. In the view which we take of the main question in this case, it is entirely immaterial whether it was bought at the time found by the court, or at the date of the deed; and therefore it becomes unnecessary to enter into a re-examination of the testimony, since the same result must follow, whether that fact be as found by the court or as insisted upon by the appellant's counsel.

II. But the main question involved in the case is, as to the right of the defendant to change his homestead
**2. HOME-STEAD: change of.** and save the new one exempt from sale under the circumstances disclosed in this case. The

question is a new one in this State, and involves the construction of our homestead statute.

Our law provides, that the homestead of every head of a family is exempt from judicial sale (Rev., § 2277), but it may be sold for debts contracted prior to the purchase of such homestead (§ 2281). It also provides (§ 2288) that "the owner may, from time to time, at his pleasure, change the limits of his homestead by changing the metes and bounds, as well as the record of the plat and description, or he may change the homestead entirely; but such changes shall not prejudice conveyances or liens made or created previously thereto" (§ 2289). The new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former homestead would have been exempt, but in no other, nor in any greater degree.

It will be seen by the facts found by the court, that the first homestead was acquired before the debt to plaintiff was contracted, but that the new homestead was acquired after. It is clear, then, that the first homestead, if it had not been sold, but had been retained by the defendant, would not have been liable to sale for the satisfaction of plaintiff's judgment. And it is equally clear, that unless the defendant could change his homestead, and transfer to the new homestead the rights which pertained to the old, it would be liable to sale under the execution issued upon plaintiff's judgment.

There was no lien upon the new homestead by judgment or otherwise, created or acquired by plaintiff previously to the change. Under the letter of the statute, then, the defendant had the right to change his homestead, and to hold the new exempt from execution to the same extent as the old, and such right is clearly within the spirit of the statute which should receive a liberal construction, with a view to effectuate the purpose of its enactment. The sale of the new homestead, therefore, under the plaintiff's exe-

cution, it being exempt from judicial sale, passed no title whatever to plaintiff as against the homestead right, and cannot be made the basis of a recovery from the defendant.

Affirmed.