ELSTON AND GREEN v. ROBINSON.

1. **Homestead:** CHANGE OF. A change of homestead by a judgment defendant from one parcel of land to another, cannot displace or affect the liens of judgments included before such change.

Elston and Green v. Robinson.

*Appeal from Story District Court.*

THURSDAY, DECEMBER 20.

RIGHT.—Trial and judgment for defendant, and plaintiffs appeal. For the other material facts see the opinion.

*J. S. Frazier* for the appellants.

*Jno. Porter* for the appellee.

WRIGHT, J.— An examination of this record satisfies us that the merits of this case were not fully and fairly 1. HOMESTEAD: passed upon in the court below. This resulted change of. from the manner of making up the issues and a manifest failure to get before the jury the real and cardinal points in controversy. This, it may be admitted, was from no fault of the court, nor was either party, perhaps, negligent in his preparation. But we cannot escape the conviction that it was hurriedly tried, and that the questions involved did not receive that deliberate consideration which their importance to the rights of the parties demanded. Believing this, and also that there was error in overruling the motion for a new trial, construing the records as we do, the judgment must be reversed. Briefly, we will state the further grounds for this conclusion.

Plaintiffs claim under a judgment execution and sheriff's sale, the property at the time of the sale belonging to J. P. Robinson, the judgment defendant. This title is not controverted, except upon the ground that the property was exempt, as the homestead of said Robinson and of the defendant, his surviving widow. The facts, as we understand them, are these:

Robinson obtained title to the lot in controversy October 8, 1856, and plaintiffs bought the same under execution March 26, 1860, the judgment on which the

same was issued being rendered in September, 1858, upon a debt contracted November 3, 1856. In 1853 or 1854 Robinson purchased a tract of land, which he improved, and upon which he resided with his family. There were no improvements on this lot, now claimed by plaintiffs, until in 1859, and on the 20th of July of that year he had a description and plat of the same recorded as his homestead, under section 2287 of the Revision (Code of 1851, § 1255). About one year before he commenced improving this lot, he sold his farm, and with the proceeds thereof, in part at least, improved this lot, but did not move to it until in 1859. He remained there but a short time, the house not being finished, and being uncomfortable as a winter residence, he returned temporarily to the farm, renting the same from his vendee, where he remained until the next spring. He again returned to the house the ensuing spring after the levy, but before the sale, where he remained until his death in 1862.

Under these facts this question arises : If this property had not the homestead character when plaintiffs obtained their judgment, could the subsequent occupation and improvement of it as a homestead defeat the lien created by said judgment? And, in considering this question, it must be remembered that it is not a case where the debtor acquired a homestead *after* contracting a debt, and which he changed to other property bought and occupied by him as a home *before* the rendition of any judgment thereon. In such a case he could do no more than the law authorizes, for it would be but a change of homestead, as allowed by section 2288 of the Revision, *without prejudice to any existing liens.* And this is the point ruled in *Pearson* v. *Minturn,* 18 Iowa, 36. It is true that in that case the second homestead was purchased *after* the debt was contracted, while in this the lot claimed by defendant was bought *before.* This, however, does not

change the principle; for the defect in defendant's title is in the fact that plaintiffs' judgment was rendered before this property was used or occupied as a homestead. In other words, it was a lien upon this land, and the debtor could not divest this lien by subsequently using and occupying it for this purpose. Or, still again, he could not, by changing his homestead from the farm to the lot, prejudice plaintiff's lien created or arising prior to such change. We lay no stress upon the fact that the property was bought before the debt was contracted; but place our ruling upon the sole ground that the lien of the judgment and the right of the creditor to subject the property to the payment of his debt, could not be displaced by the subsequent change of homestead, and the occupancy of the property thus incumbered, as a home. This is clear upon principle and the authority of analogous cases and the statute. See *Christy* v. *Dyer*, 14 Iowa, 438; *Williams* v. *Swetland*, 10 Id., 51; *Cole* v. *Gill*, 14 Id., 527; *Yost* v. *Devault*, 9 Id., 60; *Hale* v. *Heaslip*, 16 Id., 451; *Sargent* v. *Chubback*, 19 Id., 37; Rev., § 2288; Code of 1851, § 1255.

If the change of homesteads was made prior to the rendition of this judgment, a different rule might apply. We understand, however, from the facts, that it was made *after;* and, if so, plaintiffs' title was paramount to that of defendant, and a new trial should have been granted.

This view renders the consideration of other and subordinate questions unnecessary. The cause is reversed and remanded for trial *de novo*.