## STARKER & CO. v. LUSE & MAHANA.

*Appeal from Polk Circuit Court — Saturday, February 24.*

### NEW TRIAL: CONFLICTING EVIDENCE.

THE plaintiffs brought this action against Paul Grace & Co. for a balance due on merchandise sold and delivered, and attached Luse & Mahana, as garnishees, upon whose answer, as such, issue was taken, which was tried by the court without a jury, and judgment rendered for plaintiffs. The garnishees appeal.

*Brown & Dudley* for the appellants — *Polk & Hubbell* for the appellees.

MILLER, J. — Plaintiffs are wholesale grocery merchants in Burlington, Iowa, and, in the course of business, sold goods in a large amount to Paul Grace & Co., who were doing business in the city of Des Moines. In March, 1869, plaintiffs were claiming a balance due from Grace & Co., and an agent of plaintiffs called on them at that time, and insisted on payment or security, and gave Grace & Co. to understand that,

unless they complied, he would close up their store. He then left the city to return in a few days. During the absence of the plaintiffs' agent, Grace & Co. made a sale of their entire stock of goods on hand to Luse & Mahana, who were also merchants in Des Moines.

The pleading filed by plaintiffs, controverting the answer of the garnishees, charges, among other things, that Grace & Co. were largely indebted to divers persons, which was known to appellants, and that the sale of the goods by Grace & Co. to them was made with intent to hinder, delay and defraud creditors, of which intent the appellants well knew at the time of making the purchase. This was the main issue on which the parties went to trial — the *bona fides* of this sale.

Appellants' counsel insist in this court, that there was no sufficient evidence of fraud to warrant the finding and judgment of the circuit court, and on this ground they ask a reversal.

We have frequently held that, to justify our interference with the verdict of a jury on this ground, it should be clearly and manifestly unsustained by the evidence ; that even where this court, sitting as a jury, might determine otherwise, the verdict may not be so far against the evidence as to justify us in setting it aside and granting a new trial. *Jones* v. *Jones*, 19 Iowa, 236; *Martin* v. *Orndorff*, 20 id. 217; *McAunich* v. *The Mississippi & Missouri Railroad Co.*, id. 338.

This rule applies as well to the finding and decision of the court, when trying a law action without a jury, as it does to the verdict of a jury. *Pearson* v. *Minturn*, 18 Iowa, 36; *Weller* v. *Howes*, 19 id. 443; *Bellarny et al.* v. *Doud*, 11 id. 285, and cases cited.

We do not think the finding of the circuit court, in this case, is so clearly against the evidence, or even the *weight* of evidence, as to justify us in disturbing it. On the contrary, we think it satisfactorily appears from the evidence, that the object and purpose of Grace & Co., in making the sale under the circumstances, was to hinder and defraud the plaintiffs; and the evidence also tends to show that the garnishees knew of this fraudulent intent at the time of the purchase, and by such purchase they assisted Grace & Co. to carry out their fraudulent purpose. See *Adams* v. *Folley*, 3 Iowa, 44; *Fifield* v. *Gaston*, 12 id. 218.

It appears, however, by the evidence, that the garnishees paid, as a part of the consideration of the goods purchased from Grace & Co., the sum of $131.12, on their order, to R. C. Webb & Son, creditors of Grace & Co., before the service of the notice of garnishment. Since the debtors had the right to make such preference in their creditors, the garnishees ought not to be compelled to pay this amount again to the plaintiffs.

The appellees may remit this amount, and the judgment will be affirmed; otherwise, it will be reversed. The costs of this appeal will be taxed against the appellees.

Reversed.