EMILY EBERSOLE et al., Appellants, v. PHARAOH MOOT et al.

**Homesteads:** IMPROVEMENTS AFTER JUDGMENT: *Not subject to judgment.* Code, section 2976, provides that a homestead may be sold on execution, for debts contracted prior to its acquisition, but only after exhausting all other property liable to execution. *Held,* that where, in an action to subject part of the value of a homestead to plaintiff's judgment, there were findings that defendant acquired his homestead prior to plaintiff's judgment, and had ever since occupied it as such, and since the entry of such judgment defendant had enhanced its value by improvements by $700, and that it was now worth $1,000, such findings supported a conclusion of law that the

increase of value since the judgment was not subject to the payment of the judgment, as the homestead exemption laws will be liberally construed in favor of exemption, and, hence, suitable expenditures for improvement will not subject a homestead to payment of a judgment.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION to subject part of the value of a homestead to the payment of a judgment. The following are findings of fact by the court: "(1) That lot 15, in the southwest ¼ of section 17, township 89, range 31, Calhoun county, Iowa, is the homestead of defendant Pharaoh Moot; (2) that he acquired and occupied the said premises prior to the date of plaintiff's judgment, and has since continued to occupy the same as his homestead; (3) that said premises embrace one acre, and is not now and never was, within the limits of a city or an incorporated town; (4) that the value of said premises is one thousand dollars; (5) that said premises are incumbered to the extent of seventy-five dollars; (6) that since the rendition of plaintiffs' judgment the value of said premises has been enhanced by improvements made by defendant Pharaoh Moot in the amount of seven hundred dollars; (7) that defendant P. Moot is indebted to plaintiffs on the judgment declared on in count 2 of their petition in the sum of two hundred fifty nine dollars." The petition asked that the part of the value of the homestead acquired since the contracting of the debt on which plaintiff's judgment is obtained be subjected to the payment of the judgment. The district court denied the relief prayed, and the plaintiffs appealed.—*Affirmed.*

*E. A. Walton* and *E. E. Cradall* for appellants.

*J. C. Kerr* for appellees.

GRANGER, C. J—The evidence is not in the record, and appellants present the case on an assignment of errors based on findings of fact by the court. Appellants present a single proposition in argument, as follows: "That where one having a title to and occupying land as a homestead afterwards becomes indebted, his exemption is only that which he has at the time, and substantial improvements thereafter made are not and should not be exempt, but constitute *pro tanto* subsequent acquisition." Reliance is placed on Code, sections 2976, 2981. The first section provides that "the homestead may be sold on execution for debts contracted prior to its acquisition, but in such case it shall not be sold except to supply any deficiency remaining after exhausting the other property of the debtor liable to execution." The last section has this provision: "The new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been." Appellants do not tell us, nor do we see, what application section 2981 has to the question presented. Section 2976 does no more than provide that the homestead shall be liable for debts contracted prior to its acquisition. This case does not come within the letter of the provision, nor do we see anything in the spirit of the law to justify us in giving it the construction contended for. The case of *Croup & Shafer v. Morlon,* 49 Iowa, 16, and same case in 53 Iowa, 599, are cited as being to some extent in line with appellants' contention. The case was twice appealed, and it deals only with the question, so far as it can have application here, of the liability of a homestead for the debts of the husband, contracted before its acquisition, where the title is in the wife, and the husband has paid part of the purchase price of the lots and a part of the cost of building the house. On the last appeal the case is criticised in argument as being in conflict with *Corning v. Fowler,* 24 Iowa, 584, and the opinion, on the second appeal (53 Iowa, 599), distinguishes the cases,

and the holding in the *Croup & Shafer Case* is made to depend on the fact that the husband furnished the means, to a large extent, to buy the lots and erect the house, and that is made a distinguishing fact from the *Corning Case,* in which the wife purchased the land,· and the husband then furnished the larger part of the means for making the improvements.   In the *Croup & Shafer Case* the enhanced value of the homestead, because of the expenditures thereon by the husband, was held liable for his debts contracted prior to the acquisition.   In the *Corning Case,* where the husband merely added improvements to land belonging to the, wife, such enchanced value was held not liable for such debts. We do not esteem the cases of much importance as authority in this case, for they deal with the question of improvements to the wife's property, while in this case the husband owns the land and makes the improvements thereon.   However, in the *Corning Case,* the creditors are denied a lien on the added value of the wife's property because of the husband's expenditures.   The case of *Hamill v. Henry,* 69 Iowa, 752, is also cited by apellants, but we do not see that it affords any light on the question involved in this case.   It is in line, on different questions, with the cases we have considered.

This particular question has not been determined by this court.   We do not think, however, that plaintiffs' claim can be sustained.   The court found the homestead to be of the value of $1,000, and the value of the improvements thereon to be $700.   It seems to us to be a proper legal inference, from the provisions of the law as to homestead rights, that the owner may make expenditures thereon and improvements thereto necessary to its preservation and suitableness for homestead occupation.   The law on. this subject has always received liberal construction in favor of the homestead occupant out of considerations of public policy and the very humane and beneficent purpose that inspired the enactment of the law.   This liberality of construction

should not lead to the granting of rights not within the spirit and purpose of the enactment. That a homestead should be adequate to the needs of a family is so clearly within the spirit of the law that it would hardly be questioned; and we think it to be a part of the homestead right that the owner may so maintain it that it is, in a reasonable sense, a home for the family, as to its capacity and conveniences, and that to this end changes may be made from time to time, and the expenditures therefore are protected as a part of the homestead right. The evidence is not before us, and we have no reason to assume in this case any improper expenditures. In fact, we assume the judgment of the court to be right, unless the contrary appears. The judgment below is AFFIRMED.