SHAFFER BROS., Appellees, v. C. H. CHERNYK, Appellant.

**Payment:** APPLICATION. An application of property to the payment of debts should be so made as to preserve the homestead of the debtor.

**Homesteads:** EXEMPTION. A newly acquired homestead is exempt, to the extent only of the value of the old one, in all cases where the former one would have been exempt, and creditors are not prejudiced by a change since they may reach any additional value in the new homestead to satisfy debts antedating its acquisition.

**Same:** IMPROVEMENTS. Improvement of a homestead necessary for its convenient and comfortable occupancy is exempt.

**Same:** WORKSHOP. The statute allows a debtor as exempt but one shop or building, situated and used in connection with a homestead, in addition to those buildings purely appurtenant to the dwelling house.

*Appeal from Chickasaw District Court.*— HON. A. N. HOBSON, Judge.

TUESDAY, JUNE 5, 1906.

ACTION on certain promissory notes. By agreement judgment for the sum of $5,500 was entered thereon, and all the property attached, save that which defendant claimed as a homestead, conveyed to plaintiff at a valuation of $1,800, and the cause transferred to the equity side of the docket. Issue was then joined as to whether the premises occupied by defendant were exempt as a homestead. Upon hearing decree was entered declaring the same subject to a lien of $700 of the indebtedness included in the judgment. The defendant appeals.— *Reversed.*

*R. Feyerbend,* for appellant.

*Springer, Clary, & Condon,* for appellee.

LADD, J.— The record when carefully examined, establishes the following facts:   (1) That defendant purchased " the north 50 feet of lot 10, irregular survey of northwest quarter of section 7," November 13, 1894, at the price of $450; (2) that on November 27, 1899, he bought the " south 3 rods of the lot 9 irregular survey " in the same quarter section, for a consideration of $800; (3) that at least $500 of the indebtedness on which the judgment was rendered, was incurred prior to the time defendant first occupied a part of lot 10 as his homestead; (4) that though a considerable amount was expended by defendant in improving said property, the same, owing to its location and the use made of it, did not exceed in value the sum of $500 at the time he moved his family into the house on a portion of lot 9, and began occupying that as a homestead; (5) that of the indebtedness included in the judgment $2,500 antedated the acquirement of the second homestead.   In pursuance of a stipulation, property of the agreed value of $1,800 was conveyed to plaintiff to be applied on the judgment, but without directions as to its application.

The cause was then transferred to the equity side of the docket " for the purpose of determining whether defendant's homestead or any part thereof, is liable to plaintiff's claim and judgment.   If subject thereto, defendant to convey the same or such part thereof as is held subject to plaintiff's judgment in full satisfaction therefor.   If homestead is not subject to plaintiff's judgment, such part not subject thereto, is to be held by defendant free from all claims of plaintiff and other property, now delivered, to be in full satisfaction of judgment in case homestead or some portion thereof is not held subject to judgment."

That the payment in property should be so applied by the Court as to protect and preserve the homestead is well

1. PAYMENT:   settled.   *First National Bank v. Hollingsworth,*
   application.   78 Iowa, 575; *Briggs v. Iowa Savings Loan Association,* 114 Iowa, 232.   To accomplish this and also

to discharge the earliest indebtedness, that of $500, antedating the first homestead, should be extinguished.

The second homestead " to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been." Section 2981 of the Code.

2. HOMESTEADS: exemption. That the old homestead did not enter into the new can make no difference. *Furman v. Dewell,* 35 Iowa, 170. The defendant had the right to change and as the old one became subject to execution, and the new one became exempt only to the extent of the value of the old, creditors were in no wise prejudiced. The difference in value, then, was subject to the payment of the $700 remaining after the indorsement of the $1,800 on the part of the debt antedating the acquirement of the last homestead. The defendant paid $800 for this. Within a few months thereafter he erected additions thereto for use as a dining-room and kitchen, which enhanced its value to $950. Whether this was done prior to his actual occupancy of the premises is in dispute. The district court must have found that it was, and in this we are inclined to concur. The difference in value computed at that time was $450.

Since then numerous improvements have been made, the cost of which was proven, but not the increase to the value of the property resulting therefrom. These consisted

3. SAME: improvements. of filling the lot with earth, erecting a stable, a shed, fences, sidewalk, putting in pump and well — all at an expense of about $250. The cost of merely keeping the premises in repair is not included as this preserved, rather than enhanced its value. Any increase resulting from the above improvements, became exempt under the doctrine of *Ebersole v. Moot,* 112 Iowa, 596, on the theory that they were necessary for the convenience and suitableness for homestead occupation.

But the defendant also erected subsequent to occupancy, a junk house at a cost of $225, a shop at a cost of $75, an office building at a cost of $65, and scales at a cost of $90,

in all $455.  . Section 2978 of the Code provides that the
homestead " must not embrace more than one
dwelling house, or any except such as are
properly appurtenant thereto; but a shop or other building
situated thereon, actually used and occupied by the owner
in the prosecution of his ordinary business, and not exceed-
ing $300 in value, is appurtenant thereto."   That one of
these buildings is exempt appears from Ebersole v. Moot,
*supra,* for it is under the statute quoted appurtenant to the
dwelling house, and essential to the convenient use of the
family in the occupancy of the premises as a homestead.   All
of these buildings are used by the defendant in conducting
his business, and it is doubtful which should be regarded as
exempt, under the statute.   It does not permit him to cover
his lot with trade buildings and claim all as exempt.   It
allows him but one shop or other building in which to prose-
cute his ordinary business.   The scales appear to have been
located permanently, and therefore to be a part of the realty.
*Thompson v. Smith,* 111 Iowa, 718.

The difficulty in determining the extent of defendant's
homestead interest in the premises, is apparent from what
we have said.  Notwithstanding all the improvements men-
tioned, he estimated the value of the property at $1,200,
while other evidence indicated that it is of much greater
value.   To what shall this increase be attributed ?   The rec-
ord furnishes no. answer to this inquiry.   If the increase is
estimated according the outlay for improvements, about one-
half of it since occupancy may be attributed to betterments
which are exempt, and the other half to the buildings used in
trade not exempt.   When defendant first occupied the prem-
ises the extent of his exemption therein exceeded the value
above such exemption by $50 only.   The record is such as to
render it exceedingly difficult to ascertain the relative por-
tion of the premises exempt and not exempt from plaintiff's
claim.   The stipulation evidently contemplates the fixing
upon an aliquot part, for it is to be conveyed to plaintiff in

full satisfaction of the judgment. Had it provided that the extent of the homestead interest be ascertained, and that the premises be conveyed subject thereto, a different question would have arisen. It may be that ordinarily such interest is first to be paid the debtor from the proceeds of the sale and the remainder only applied on the judgment. *Paschal v. Cushman,* 217 Ex. 74; *Dearing v. Thomas,* 25 Ga. 223. But the parties have stipulated otherwise, and all we have to do is to determine the part of the property subject to the indebtedness of $700. That part is an undivided one-half, and, upon the conveyance thereof to plaintiff, and the payment of the cost of this proceeding in district court, the judgment of plaintiff will be satisfied.

The decree is reversed and the cause remanded to the district court for the entry of a decree in harmony with this opinion.—*Reversed.*