THEODORE BERNER, Appellee, v. JOHN DELLINGER, Sheriff, Appellee; A. C. DEAN, Intervener, Appellant.

THEODORE BERNER et al., Appellees, v. A. C. DEAN, Appellant, et al., Appellee.

DECEMBER 14, 1928.

*Kelleher & Mitchell,* for appellant.

*Gray & Gray,* for appellees.

*Jacobs & McCauley,* for John Dellinger, Sheriff, appellee.

STEVENS, C. J.—The ultimate question for decision in this

case is the alleged right of appellee to hold the 36-acre tract in controversy as exempt from execution and sale on a judgment in favor of appellant. The material and controlling facts are not in dispute. On September 28, 1898, appellee acquired title, by purchase from his father, to the southeast quarter of Section 34, Township 88, Range 32, Calhoun County. The dwelling house upon said tract, in which he resided until January, 1923, was situated near the southwest corner of the southeast quarter of the tract. In 1922, he erected a new dwelling house and other improvements near the southeast corner of the 40-acre tract upon which the old dwelling house was situated. He moved with his family into the new house in January, 1923. Subsequently, and in 1924, he sold and conveyed the west three fourths of the quarter section, which included the dwelling house which he formerly and for so many years occupied. Indebtedness contracted in 1920 was not paid, and in 1925, a judgment was obtained against him. In April, 1927, execution was issued on said judgment, and levied by the sheriff upon the tract in controversy. Appellee did not, prior to the levy of the execution, cause his homestead to be selected and platted.

The right of a debtor to have a homestead, not exceeding 40 acres in extent, platted out of a larger tract on which he resides, is absolute, and subject to but one limitation: that is, it must be set off so as to include the dwelling house or home of such debtor. Government subdivisions may be ignored, and the area platted in any shape or form, and from any part of the whole tract. Until it is actually platted, the right to the selection thereof as a part of the homestead inheres in every square foot of the larger area. When platted, the area thus selected, with the dwelling house, constitutes the homestead, subject to the further right of the debtor to make such changes therein as are authorized by Chapter 441 of the Code of 1924. The statute does not, in terms, require the continuous or permanent occupancy of the dwelling house in a particular location on the premises. The dwelling house does not constitute the homestead, but, as stated, it is a necessary part thereof. Occupancy of the dwelling house, except when the owner is temporarily absent, with a fixed purpose to return, is essential, to claim the right. Although occupancy is a necessary condition to the right to a homestead, the relationship is that of concurrence, and not of identity. The exercise of the

right is dependent upon the fact of occupancy. That is, the right must be exercised in such a way as to include the dwelling. The proposition of appellant, as stated by him, is that ''the sale of the original homestead worked a complete abandonment of the homestead right,'' and as a necessary result, the tract in question became a new homestead, acquired subsequent to the date on which the debt in question was contracted, and, therefore, became subject to execution for the satisfaction of the judgment entered thereon.

The proposition, as stated, does not deny the right of appellee to have had the homestead platted and set off so as to include the new dwelling house. We think it may be assumed that the mere removal from the old into the new building upon the same tract had no effect upon the right of appellee to claim and have set off to him a homestead not exceeding 40 acres in extent. The change was a mere matter of change of location from one house to another, situated upon the same tract. The fact of occupancy and the right to claim the homestead continued. This being assumed, the selection of the tract in question might have been accomplished at any time before the sale of the old dwelling as a part of the west three quarters of the southeast quarter. If thus selected and platted, would it have constituted a new homestead, acquired subsequent to 1920, when the indebtedness of appellee was contracted? We think clearly not. If we are correct at this point, what was the legal effect of the voluntary sale of the portion described? To sustain their contention that this constituted an abandonment of the homestead right, counsel cite and rely upon *Maguire v. Hanson,* 105 Iowa 215, and several cases from other jurisdictions. The facts upon which the decision in the *Maguire* case was based are clearly distinguishable from the facts of the case before us. In that case, the debtor at one time owned a section of land in Allamakee County, upon which he resided. Subsequently, he sold the land upon which the dwelling house was situated, and with the purchase price acquired a 200-acre tract in the same county, which he occupied as a homestead. At a still later date, he disposed of the second homestead, and with the purchase price obtained an 80-acre tract in Palo Alto County, upon which he erected a dwelling house in which he lived. Subsequently, he removed the dwelling house from the 80-acre tract to land owned by his son.

From that time forward, he occupied the dwelling in its new location as his home. The court held that this constituted an abandonment of every part of the 80-acre tract as a homestead. The facts are varied in the remaining cases cited at this point,— to wit, *O'Connell v. Sanford*, 256 Ill. 62 (99 N. E. 885) ; *Peak v. Lenora State Bank*, 58 Kan. 485 (49 Pac. 613) ; and *Matney v. Linn*, 59 Kan. 613 (54 Pac. 668),—but in each of them, emphasis was placed upon the fact that the debtor had sold or ceased to occupy any portion of the land claimed to be exempt as a homestead. Clearly, these cases are not in point, and do not sustain appellant's contention. Appellee never ceased to reside upon the 160-acre tract until he conveyed the west three fourths thereof.

It must be remembered in this discussion that exemption statutes are to be construed liberally in favor of the debtor. *Illinois Oldsmobile Co. v. Miller*, 199 Iowa 894; *Fardal v. Satre*, 200 Iowa 1109, and cases therein cited. The right of appellee to have a homestead, not exceeding 40 acres in extent, to be set off to him so as to include the old dwelling house in which he resided, attached immediately upon the purchase and occupancy of the premises. This right did not depend upon the location of the dwelling house at any particular point on the tract. All that the statute requires is that the homestead, when claimed and platted, shall be so set off as to include the home. Appellee did not, by the erection and occupancy of the new residence, acquire a new right to a homestead. The right which he had was the same, but until it was exercised, it was potential. A contrary interpretation of the statute would, it seems to us, violate the spirit thereof, and contravene our prior decisions. While the decision of this case cannot be soundly rested upon the absence of prejudice to the appellant in the selection of the tract in question, nevertheless the fact that no prejudice resulted may not be wholly overlooked. No part of the alleged homestead was acquired by appellee after the debt to appellant or his assignor was contracted. The segregation thereof so as to include the new home was all that occurred. This, it seems to us, was the equivalent of the exercise of the right to a homestead, which all concede existed prior to the sale of the west three quarters of the tract, rather than an abandonment of the right to have a homestead at all. Clearly, there was no abandonment of the right.

It amounted to nothing more than the exercise thereof upon the basis of a different location. *Lutz v. Ristine & Ruml,* 136 Iowa 684. The construction contended for by appellant is technical, and would result in the adoption of a rule of strict, rather than liberal, interpretation of the homestead and exemption laws. This would be contrary to the spirit and purpose thereof.

We reach the conclusion that the failure to plat the homestead by metes and bounds, and to have such plat recorded, is not here material. There was a complete segregation of the east 40 acres, so as to include the dwelling house. We are not disposed to depart from the rule of liberal construction of exemption laws which has so long prevailed in this jurisdiction. The judgment and decree of the court below are affirmed.—*Affirmed.*

All the justices concur.