794 F.2d 1329
 Bankr. L. Rep. P 71,228
CHARITON FEED AND GRAIN, INC., Appellant,
and
Farm Service Company of Humeston,
v.
Audrey Mae KINSER, Appellee.
 No. 85-1510.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1985.
Decided July 3, 1986.
 
 Paul M. Goldsmith, Chariton, Iowa, for appellant.
 Richard B. Clogg, Indianola, Iowa, for appellee.
 Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Chariton Feed and Grain, Inc. (Chariton) appeals the District Court's ruling upholding an order of the United States Bankruptcy Court for the Southern District of Iowa granting Audrey Mae Kinser's motion to avoid judicial liens against her homestead property. Farm Service Company of Humeston (Farm Service) was a party to the proceedings below, but does not appeal the District Court's ruling. We reverse and remand.
 
 
 2
 The facts of the case are undisputed. Kinser owned a tract of land in Lucas County, Iowa consisting of three contiguous parcels. She acquired parcel "A" in 1960, parcel "B" in 1968, and parcel "C" in 1973. For many years, Kinser resided in a mobile home on parcel A, thereby establishing that section as her homestead under Iowa law. In April 1983, Kinser confessed judgment to Chariton for $25,833.85 plus interest, the amount of an existing debt. Chariton filed the judgment in Lucas County District Court the following day. Once filed, the judgment became a lien against Kinser's land within Lucas County, except for parcel A. Brown v. Vonnahme, 343 N.W.2d 445, 448-50 (Iowa 1984) (construing Iowa Code Secs. 624.23, 624.24 & 561.16 as preventing a judgment lien from attaching to homestead property). While Chariton's lien applied to both parcels B and C, it was the first on parcel C, whereas parcels A and B were subject to prior mortgage liens from other creditors which exceeded the value of those parcels. Sometime after May 1983, Kinser moved her mobile home from parcel A to parcel C. Thereafter, in September 1983, Kinser filed a bankruptcy petition, claiming parcel C as her homestead. The bankruptcy schedules listed parcels A and C as having values of $56,000 and $35,000 respectively.
 
 
 3
 In April 1984, Kinser filed a motion in bankruptcy court to avoid Chariton's lien on the basis that parcel C was homestead property and thus exempt from judicial sale under Iowa Code Sec. 561.16. The bankruptcy court granted Kinser's motion, which Chariton and Farm Service appealed to the District Court. On appeal from the District Court's ruling affirming the bankruptcy court decision, Chariton claims that the District Court erred in its interpretation of Iowa law as applied to the undisputed facts of this case.
 
 
 4
 The parties agree that this case presents solely a question of law: whether Iowa law permits a property owner to transfer her homestead exemption from one parcel of land to another parcel that is already subject to a judgment lien. The pertinent provisions of the Iowa statute dealing with homestead rights are as follows:
 
 
 5
 561.7 Changes--nonconsenting spouse. The owner may, from time to time, change the limits of the homestead by changing the metes and bounds, as well as the record of the plat and description, or vacate it.
 
 
 6
 Such changes shall not prejudice conveyances or liens made or created previously thereto.
 
 
 7
 ....
 
 
 8
 561.16 Exemption. The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary, provided that persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale. For purposes of this section, "household unit" means all persons of whatever ages, whether or not related, who habitually reside together in the same household as a group.
 
 
 9
 ....
 
 
 10
 561.20 New homestead exempt. Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.
 
 
 11
 561.21 Debts for which homestead liable. The homestead may be sold to satisfy debts of each of the following classes:
 
 
 12
 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.
 
 
 13
 Although this Court is not bound by a district court's interpretation of state law, and may conduct a de novo review of legal questions, a district court's determination concerning the law of the state in which it sits is entitled to considerable deference. Parkerson v. Carrouth, 782 F.2d 1449, 1451 (8th Cir.1986). Our task "is not to adopt the construction we think most reasonable, but simply to review the district court's determination...." Brown & Root, Inc. v. Hempstead County Sand & Gravel, 767 F.2d 464, 469 (8th Cir.1985). Nevertheless, we are not "inextricably bound" by the District Court's interpretation of Iowa law if that interpretation is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." Ancom, Inc. v. E.R. Squibb & Sons, Inc., 658 F.2d 650, 654 (8th Cir.1981).
 
 
 14
 We note that the Supreme Court of Iowa has said that courts must liberally construe the homestead exemption statutes in the debtor's favor. Berner v. Dellinger, 206 Iowa 1382, 222 N.W. 370, 372 (1928). The statute is not to be pared away by construction so as to defeat the statute's purposes. American Savings Bank v. Willenbrock, 209 Iowa 250, 228 N.W. 295, 297 (1929). Our examination of Iowa law leads us to conclude, however, that an owner may change the limits of her homestead only if such a change does not prejudice conveyances or liens previously made or created. The particular facts of this case forcefully show that Kinser's change of homestead, if allowed, would prejudice Chariton's previously secured rights as a judgment creditor.
 
 
 15
 Kinser contends that she only changed the physical limits of her homestead, and therefore her new homestead on parcel C is exempt under sections 561.7, 561.16 and 561.20 of the Iowa Code to the extent of the value of the homestead on parcel A. The bankruptcy court agreed with this position, citing Berner v. Dellinger, 206 Iowa 1382, 222 N.W. 370 (1928). In Berner, the property in dispute was acquired in 1898 and the debtor lived on a corner of the property until 1923 when he moved to another portion of the forty-acre tract. In 1924, the debtor sold three-quarters of the tract, which included the house he formerly had lived in. In 1925, a creditor obtained a judgment against Berner for a debt contracted for in 1920. In 1927, the creditor executed the judgment and the debtor claimed the new house as exempt. Id. at 371. The Iowa Supreme Court held that the limits of the homestead could be moved from one part of the property to another and that erecting a new dwelling on the tract did not result in abandonment of the homestead right. Id. at 372.
 
 
 16
 The instant case is readily distinguishable from Berner. Kinser owned three different parcels of land, acquired at three different times. Her movement was not limited to changing residences within one forty-acre plot. Rather, she moved from one forty-acre plot to a thirty-five acre plot before she filed for bankruptcy. In Berner, the movement had no effect upon the right of the debtor to claim an exemption for a forty-acre homestead. Id. at 371. The change was merely a matter of changing location from one house to another in the same parcel. Furthermore, in Berner, the move did not prejudice any prior liens because the creditor had not established his judgment lien before the move occurred. In the instant case, by contrast, Kinser's attempt to change the boundaries of her homestead prejudices Chariton's lien by leaving it with a worthless third priority on parcels A and B.
 
 
 17
 The District Court also adhered to the view that by moving her homestead from one portion of her property to another portion, Kinser did not acquire a new homestead. Since the judgment lien arose after she established her first homestead, the District Court reasoned that her right to claim forty acres as exempt is absolute as against Chariton's lien. In reaching this decision, the District Court relied upon Furman v. Dewell, 35 Iowa 170 (1872), rather than Berner. In Furman, the debtor moved his homestead from a residence in town to thirty-five acres in the country. The only lien existing before the change in homestead was the judgment lien of the creditor against the country property. The Supreme Court of Iowa permitted the change in homestead, finding that the creditor was not prejudiced by the change. The court observed that "the old homestead is of greater value than the new, so that the plaintiff's lien rested on better security after the change than it did before." Id. at 172.
 
 
 18
 We find Furman clearly distinguishable on its facts. Here, the creditor is one of three major creditors and will be in a considerably worse position as a result of Kinser's change in homestead. The District Court's decision forces Chariton to surrender its first priority lien on parcel C for a third priority lien on parcels A and B, behind creditors whose mortgage liens already exceed the value of the property. In support of our position, we note that the Furman court repeatedly stated that the change of homesteads should not prejudice the creditor's prior lien. Id. The Supreme Court of Iowa thus clearly has announced that section 561.7 means what it says and does not allow a change of homestead to prejudice liens created before the change.
 
 
 19
 We also find persuasive the decision in Elston & Green v. Robinson, 21 Iowa 531 (1866), where the Supreme Court of Iowa addressed the debtor's change of homestead in a factual situation similar to the one before us. In 1853, Robinson purchased a farm on which he lived with his family. In October 1856, Robinson acquired title to another tract of land--the tract in controversy. He contracted for a debt related to this second tract in November 1856, on which judgment was entered in September 1858. In July 1859, he recorded this second tract as his homestead. The question before the Supreme Court of Iowa was whether Robinson could improve and occupy property that was not his homestead when judgment was entered against him so as to defeat the lien created by that judgment. Id. at 533. The court observed that the defect in Robinson's position was in the fact that the creditor's judgment was entered before the second tract was used or occupied as a homestead. "In other words, it was a lien upon this land, and the debtor could not divest this lien by subsequently using and occupying it for this purpose." Id. at 534.
 
 
 20
 The court emphasized that the creditor's right to have his judgment lien protected outweighs the debtor's right to change his homestead. In the court's view the debtor
 
 
 21
 could not, by changing his homestead from the farm to the lot, prejudice [the creditor's] lien created prior to such change. We lay no stress upon the fact that the property was bought before the debt was contracted; but place our ruling upon the sole ground that the lien of the judgment and the right of the creditor to subject the property to the payment of his debt, could not be displaced by the subsequent change of homestead, and the occupancy of the property thus incumbered, as a home.
 
 
 22
 Id. at 534. We are unable to see that the Supreme Court of Iowa ever has retreated from this view, which is, of course, fully consistent with the plain language of section 561.7.
 
 
 23
 Based upon the Iowa authority discussed above, we conclude, as a matter of law, that Kinser may not move her homestead to parcel C so as to defeat Chariton's judgment lien. Accordingly, we reverse the judgment below and remand to the District Court for further proceedings consistent with this decision.
 
 
 24
 BRIGHT, Senior Circuit Judge, dissenting.
 
 
 25
 I respectfully dissent.
 
 
 26
 The majority today pays mere lip service to the important principle that the interpretation of state law by a federal district court judge sitting in that forum is entitled to substantial deference. Relying on hoary precedent, the majority overturns the district court's determination that Audrey Mae Kinser's new homestead is exempt from judicial sale under sections 561.7, 561.16 and 561.20 of the Iowa Code to the extent of value of her prior homestead.
 
 
 27
 The Iowa Supreme Court recently observed that "the purpose of homestead laws is 'to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the State by having families secure in their homes.' " Brown v. Vonnahme, 343 N.W.2d 445, 451 (Iowa 1984) (quoting In re Marriage of Tierney, 263 N.W.2d 533, 534 (Iowa 1978)). "To that end the [homestead] statutes are broadly and liberally construed in favor of exemption." In re Marriage of Tierney, supra, 263 N.W.2d at 534.
 
 
 28
 I am uncertain how the Iowa Supreme Court would decide this case if presented with it. However, I believe that the district court's decision is in keeping with the policy behind Iowa's homestead laws and with the Iowa Supreme Court's approach to those laws. I certainly do not believe that the district court's interpretation of Iowa law is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." Ancom, Inc. v. E.R. Squibb & Sons, Inc., 658 F.2d 650, 654 (8th Cir.1981). Accordingly, I would affirm.