**In re John F. WIPPERLING, Debtor.**

No. 02–02940S.

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Nov. 15, 2002.

Wil L. Forker, Sioux City, IA, for Trustee.

Donald H. Molstad, Sioux City, IA, for Creditor.

Delbert D. Rowse, Sioux City, IA, for Debtor.

## ORDER RE: TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is the Chapter 7 trustee's objection to debtor's claim of exemption in his homestead. Hearing was held November 5, 2002 in Sioux City. Trustee Wil L. Forker appeared for himself. Attorney Delbert D. Rowse represented the debtor. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The court now issues its findings of fact and conclusions of law as required by Fed. R.Bankr.P. 7052.

### Findings of Fact

On August 23, 2002, debtor John F. Wipperling filed a Chapter 7 bankruptcy petition. He scheduled an interest in real property having the address 18188 Kittle Avenue, LeMars, Iowa, consisting of 26–3/4 acres and valued at $40,000. The property was also described in two pages of metes and bounds. Wipperling claims the property exempt as his homestead. Situated on the acreage, about 500 feet apart, are two mobile homes, a 1977 14′ × 50′ home and a 1993 double-wide home where Wipperling now lives. The address of the 1977 home is 1818 7th Avenue; the 1993 home is known as 30292 Highway 3. Neither mobile home was listed on Wipperling's schedules as separate property.

Wipperling purchased the land in 1968. He gave a mortgage to Prairie State Bank. In 1985, he purchased the 1977 mobile home.

Sometime during the winter of 2001–2002, Wipperling settled an accident claim for approximately $42,000. He paid off his debt to the bank and received a quit claim deed.

In May 2002, Wipperling purchased the 1993 mobile home from Iseman Homes, LeMars, for approximately $25,000. Excavation work was done, and the home was delivered in late June or early July 2002. Very shortly after delivery, the home was connected with electricity. Prior to Wipperling's bankruptcy filing, the two parts of the home were joined, the roof was capped, and the home was "blocked" and anchored, the equivalent of installing the foundation of a house.

The new home had been repossessed from its prior owner; it needed numerous plumbing repairs. Nevertheless, Wipperling began using his new home prior to filing his Chapter 7 petition. Many items, such as appliances, were already in the home when it was installed on the property. Wipperling walked to the old home when he needed water. He took showers there; he brought water from it back to his new home. In July 2002, Carla Berding, sales manager for Iseman, observed empty food containers and blankets in the new home.

Wipperling and Berding believe the old home has become uninhabitable. It is no longer watertight. The insulation is wet, the walls are warped, and the floor is falling through.

Sometime in August 2002, Wipperling was hospitalized. He signed his bankruptcy petition in the hospital. He was released after Labor Day and returned to the new mobile home.

### Discussion

■ The trustee contends that Wipperling may not exempt the new mobile home as part of his homestead. Iowa Code § 561.1 defines the homestead:

The homestead must embrace the house used as a home by the owner, and, if the owner has two or more houses thus used, the owner may select which the owner will retain. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead.

The homestead is limited in size to one-half acre within a city plat; otherwise it may not exceed 40 acres. Iowa Code § 561.2. The trustee does not object to Wipperling's claim of exemption in the 26–3/4 acres. The court assumes, therefore, that Wipperling does not reside within a city plat and that the exemption in the land is property claimed.

Although the homestead must embrace the house used as a home, the "dwelling house does not constitute the homestead." *Berner v. Dellinger*, 206 Iowa 1382, 222 N.W. 370, 371 (1928). It seems that the issue does not involve a change of homesteads. Wipperling has moved from one dwelling house to another on the same property where he has lived continuously since at least 1985.

■ Improvements to property that are necessary to preserve the homestead and to keep it suitable for occupation are exempt as part of the property. *Ebersole v. Moot*, 112 Iowa 596, 84 N.W. 696, 697 (1900); *Shaffer Bros. v. Chernyk*, 130 Iowa 686, 107 N.W. 801, 802 (1906). The right of exemption as to such improvements dates from the establishment of the property as a homestead. *American Savings Bank of Marengo v. Willenbrock*, 209 Iowa 250, 228 N.W. 295, 298 (1929). The law regarding improvements to a homestead should be construed liberally in favor of the debtor so as to effect the purpose and policy of the homestead statutes. *Id.* at 299. In Wipperling's case, the very poor condition of the old mobile home made it necessary to replace the structure with one more suitable as a dwelling.

■ The homestead may embrace only one dwelling house. Iowa Code § 561.3. Arguably, because Wipperling has occupied the homestead since 1985, he should be allowed to select the new mobile

home as his dwelling house without regard to the date he began living there. Assuming, however, that a debtor must select the dwelling house by actual occupancy, the court concludes that Wipperling had already occupied the new mobile home as his dwelling prior to the date of his bankruptcy filing. By July 2002, he had begun eating meals and sleeping there. He occupied the new home as best he could under the circumstances. *See Neal v. Coe,* 35 Iowa 407, 1872 WL 412 (1872) (homestead established while family boarded at hotel, waiting for repairs to house); *see also Blue v. Heilprin,* 105 Iowa 608, 75 N.W. 642 (1898) (family, living in rented house during construction of new house, effectively changed homesteads when old house was sold).

The trustee has not identified any debt that predates the acquisition of the homestead. The court concludes that the trustee's objection should be overruled.

IT IS ORDERED that the trustee's objection to debtor's claim of exemption in his homestead is overruled.

SO ORDERED THIS 15th DAY OF NOVEMBER 2002.