**In the Matter of Bradley ALLEN, Sheree Allen, Debtors.**

**No. 00–04754–C J.**

United States Bankruptcy Court, S.D. Iowa.

Oct. 2, 2003.

Jerrold Wanek, Des Moines, IA, for Debtors.

Anita L. Shodeen, Chapter 7 Trustee, Des Moines.

Donald F. Neiman, Des Moines, IA, for Creditor P & S Auto Auction, Inc.

## MEMORANDUM OF DECISION

LEE M. JACKWIG, Chief Judge.

Chapter 7 Debtors Bradley and SheRee Allen ("Debtors") claim their homestead exempt from the bankruptcy estate. Alleging the Debtors acquired their homestead after incurring other debt listed on their bankruptcy schedules, Chapter 7 Trustee Anita Shodeen ("Trustee") and Creditor P & S Auto Auction, Inc. object.

The parties submitted a stipulation of facts in lieu of presenting evidence at a courtroom hearing. Having conducted a telephonic hearing to consider the parties' oral arguments and having reviewed the stipulation of facts and the written arguments, the Court now enters its decision.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1334 and the standing order of reference entered by the United States District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. section 157(b)(2)(B).

## BACKGROUND

The parties stipulate that the following facts are undisputed:

1. Bradley D. Allen and SheRee Allen filed a voluntary chapter 7 bankruptcy proceeding in the Southern Dis-

trict of Iowa under Case No. 00–04754–CJ on December 22, 2000.

2. On Schedule A the Debtors listed an interest in real estate as: the North half of Lot 6 in EMERALD SUBDIVISION of the West half of NE ¼ of Section 24, Township 83 North, Range 24 West of the 5th PM in Ames, Story County, Iowa (locally known as 3706 S. Duff, Ames, Iowa) (hereinafter referred to as "3706 S. Duff").

3. The real estate was set forth on Schedule A with a current market value of $92,000.00 with the Debtors described as fee owners. Both Debtors own an interest in the real estate.

4. Schedule D included a claim secured by a mortgage in favor of Randy Rudolph and First National Acceptance Co. in the amount of $24,974.25.

5. The real estate was claimed as exempt as a homestead by the Debtors in the amount of $63,000.00 on Schedule C of the filing.

6. Timely objections to the claim of exemption in the homestead property were filed on behalf of P & S Auto Auction, Inc. and the trustee.

7. The Debtors acquired interest in the property described as 3706 S. Duff pursuant to a real estate contract dated August 28, 1985 by and between Bradley Allen and SheRee Allen, as contract vendees and Paul Anderson and Susanne Anderson as contract vendors. Said contract was entered of record on September 4, 1985 in the County Recorder's office in and for Story County at Book 268, page 55.

8. The Debtors occupied 3706 S. Duff as their homestead during the period of August 28, 1985 through August 28, 1987.

9. On August 28, 1987 the Debtors entered into a contract for the purchase of real estate from Chester D, Scott and Dorothy B. Scott, as contract vendors for the following property:

Beginning at a point on the half section line Two Hundred Ninety-seven (297) Feet South of the Northwest (NW) corner of the South Half (S 1/2) Of the Southeast Quarter (SE 1/4) of Section Fourteen (14), Township Eighty-three (83) North, Range Twenty-four (24) West of the Fifth (5th) P.M. Thence East (E) Four Hundred Forty (440) Feet, Thence South (S) Ninety-nine (99) feet, Thence West (W) Four Hundred Forty (440) Feet, thence North (N) Ninety-nine (99) Feet to the place of beginning. (Locally known as 2904 S. Duff Avenue, Ames, Iowa) (hereinafter referred to as "2904 S. Duff").

10. The Debtors occupied 2904 S. Duff as their homestead during the period of August 28, 1987 until June 20, 1997.

11. During the time period of August 28, 1997[sic] until June 1997 the Debtors rented out the property located at 3706 S. Duff.

12. During the time period of August 28, 1985 through the present time the Debtors continued to hold an interest in the property located at 3706 S. Duff.

13. On June 20, 1997 the Debtors sold their interest in 2904 S. Duff to Wayne D. and Norma J. Allen, the parents of Bradley Allen. As shown by the revenue stamps on the face of the deed, the property was sold for approximately $122,500.00. The balance owing on

the contract purchase as of the date of the sale was $73,537.95.

14. Any proceeds received by the Debtors from their sale of the homestead property at 2904 S. Duff were used on expenses unrelated to 3706 S. Duff.

15. The Debtors began residing at 3706 S. Duff as their homestead on June 20, 1997.

16. In July, 1996 the Debtors jointly signed a promissory note with P & S Auto Auction, Inc. in the amount of $38,575.00.

17. At the time the Debtors returned to reside at 3706 S. Duff on June 20, 1997 the balance owing under the promissory note with P & S Auto Auction, Inc. dated July 1996 was $7,042.82.

18. No judgment was entered against the Allens as of June 20, 1997 for the obligation outlined at paragraph 16.

(Docket No. 37 at 1–3.) To the stipulation the parties attached: Exhibit A (Real Estate Contract) in support of paragraph 7; Exhibit B (Real Estate Contract) in support of paragraph 9; Exhibit C (June 20, 1997 letter from Dorothy B. Scott regarding contract payoff) and Exhibit D (Warranty Deed) in support of paragraph 13; and Exhibit E (Promissory Note) in support of paragraph 16.

## APPLICABLE LAW

■ 11 U.S.C. section 522(b) permits individual states to opt out of the federal exemption scheme.[1] Iowa has done so in Iowa Code section 627.10.[2] Accordingly, this Court must apply Iowa law in ruling on the pending exemption controversy.

■ It is a well-settled proposition that Iowa's exemption statutes must be liberally construed. *Frudden Lumber Co. v. Clifton,* 183 N.W.2d 201, 203 (Iowa 1971). Yet, that does not mean this Court may depart substantially from the express language of the exemption statutes or extend the legislative grant. *Matter of Hahn,* 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale,* 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long,* 234 Iowa 843, 12 N.W.2d 171 (1944).

Iowa Code section 561.1 defines the Iowa "homestead" as follows:

> The homestead must embrace the house used as a home by the owner, and, if the

---

1. 11 U.S.C. section 522(b) provides:

 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—
 > (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; ....

 11 U.S.C. § 522(b).

2. Iowa Code section 627.10 provides:

 A debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. sec. 522(d) (1979). This section is enacted for the purpose set forth in 11 U.S.C. sec. 522(b)(1)(1979).

 Iowa Code § 627.10.

owner has two or more houses thus used, the owner may select which the owner will retain. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead.

Iowa Code § 561.1.[3]

Then, regarding "changes" to the homestead, Iowa Code section 561.7 states in relevant part that "[t]he owner may, from time to time, change the limits of the homestead by changing the metes and bounds, as well as the record of the plat and description, or vacate it." Iowa Code § 561.7

As for the exemption itself, Iowa Code section 561.16 provides in relevant part that "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. Persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale." Iowa Code § 561.16.

With respect to a "new" homestead, Iowa Code section 561.20 explains:

> Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

Iowa Code § 561.20.

Lastly, with respect to debts for which the homestead is liable, Iowa Code section 561.21 provides in relevant part that "[t]he homestead may be sold to satisfy debts of each of the following classes: (1) Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution." Iowa Code § 561.21.

It is important to note that section 561.21(1) speaks in terms of "debts," meaning a creditor holding an antecedent claim need not have reduced that claim to judgment in order to raise an objection to the debtor's homestead exemption. *Matter of Norkus*, 256 B.R. 298, 302–303 (Bankr.S.D.Iowa 2000) (citing *Matter of Nehring*, 84 B.R. 571, 576 (Bankr.S.D.Iowa 1988)). A bankruptcy trustee may pursue such an objection. *Matter of Schuldt*, 91 B.R. 501, 503 (Bankr.S.D.Iowa 1988).

In accordance with Federal Rule of Bankruptcy Procedure 4003(c), the Trustee and P & S Auto have the burden of proving the Debtors' homestead exemption is not properly claimed.[4]

## DISCUSSION

It is undisputed that Debtors' homestead was located at 3706 S. Duff for two years, then at 2904 S. Duff for almost ten years, and then at 3706 S. Duff for approximately three and one half years as of the date the Debtors filed their bankruptcy petition. The Debtors have made no claim that they retained a homestead interest in the 3706 S. Duff property or that they

---

**3.** In response to a question from the Court during the telephonic hearing, the parties stipulated the 3706 S. Duff property is not contiguous to the 2904 S. Duff property.

**4.** Federal Rule of Bankruptcy Procedure 4003(c) provides: "In any hearing under this rule, the objecting ·party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."

intended to return to that property when they moved to the 2904 S. Duff property. It is undisputed that the Debtors incurred the debt to P & S Auto during the time they lived at 3706 S. Duff. It is also undisputed that the Debtors did not acquire the 3706 S. Duff property with any proceeds from the sale of the 2904 S. Duff property.

 Relying on the plain meaning of Iowa Code sections 561.7, 561.16, 561.20 and 561.21(1), the Trustee and P & S Auto contend Debtors are not entitled to claim the 3706 S. Duff property exempt to the extent of the $7,042.82 balance owing the creditor.[5] In other words, the debt incurred while the Debtors resided at 2904 S. Duff is antecedent to the Debtors' move to what should be deemed the "third property" they have called "home."

Relying on the "change in the limits" prong of section 561.20, the Debtors maintain it is permissible for them to change the limits of their homestead from the 2904 S. Duff property to the 3706 S. Duff property. In support of that position, they point to the following quote from an 1898 Iowa Supreme Court case:

There are two ways in which plaintiffs could acquire a right of homestead in these premises, namely, by purchase, or by change of homestead. By purchase, as where the purchaser, having no other homestead, purchases and occupies as a homestead, or purchases with funds not derived from another homestead, and occupies as his homestead. By change

of homestead, under § 2000, *by changing the old for a new homestead,* or by purchasing the new with the proceeds of the old.

*Blue v. Heilprin,* 75 N.W. 642, 644, 105 Iowa 608 (Iowa 1898) (emphasis added).

The italicized words in the last quoted sentence might lend support to Debtors' argument if it were not for the fact that the *Blue* decision was analyzing a statutory framework that has undergone modification by the Iowa legislature. That is, section 2000 in the 1873 Code of Iowa provided that "[t]he owner may, from time to time, change the limits of the homestead by changing the metes and bounds, as well as the record of the plat and description, or *may change it entirely.*" Iowa Code § 2000 (1873) (emphasis added). Today's Iowa homestead exemption statutes do not contain a similar concept. In particular, section 561.7 refers to "vacating" a homestead instead of changing it entirely. Hence, this Court finds Debtors' reliance on the *Blue* decision to be misplaced.[6]

Despite the focus of their argument being on the change in the limits of their homestead and despite stipulating to the fact they did not acquire their third homestead with proceeds from the sale of their second homestead, Debtors argue that *Matter of Snell,* No. 96–00338 CH (Bankr. S.D. Iowa filed March 25, 1997) requires this Court to conclude that they could have claimed the entire sale price of the 2904 S.

---

**5.** In written argument, the Trustee alleges "[t]he bankruptcy schedules reveal that there is no other property of the Debtors which could be liquidated to satisfy the outstanding obligation." (Trustee's Brief at 6.)

**6.** In written argument, the Debtors appear to rely on the following quote found in *In re Streeper,* 158 B.R. 783, 788 (Bankr.N.D.Iowa 1993): ("[i]f a debtor's first homestead is not subject to sale for satisfaction of a particular

debt, when the debtor changes homesteads, the second homestead is exempt as well"). Since the *Streeper* decision cited to *Pearson v. Minturn,* 18 Iowa 36 (1864) in support of that particular observation and because the *Pearson* decision would not have been interpreting the current Iowa homestead exemption statutes, this Court similarly finds Debtors reliance on the *Streeper* and *Pearson* decisions to be misplaced.

Duff property exempt.[7] P & S Auto's attorney, who had been the trustee in the *Snell* case, challenged the factual relevance of that decision during oral argument. He noted the debtors in the *Snell* matter did reinvest the proceeds from the sale of their prior homestead into their new homestead. The Debtors, in turn, insist the fact they did not invest any proceeds from the sale of their second homestead into their third homestead is of no consequence.

The Court has reviewed the unpublished decision upon which the Debtors rely. In sum, the Court finds the *Snell* case is not helpful in this case because the facts herein concern "a change in the limits of the homestead" and not "a new homestead [that] has been acquired with the proceeds of the old." More specifically, whereas the *Snell* decision focused on the meaning of the latter term in the context of section 561.20,[8] the issue before this Court turns first on whether there has been a change in the limits of the Debtors' homestead as contemplated by section 561.7 and applied in section 561.20. Parenthetically, it should be noted that the Iowa Supreme Court has observed that a failure to reinvest the sale proceeds from one's homestead into another homestead means the proceeds lose their exempt status. *Braunger v. Karrer*, 563 N.W.2d 1, 4 (Iowa 1997).

Notably, the parties have not stipulated and the Debtors have not argued that the Debtors move from 2904 S. Duff to 3706 S.

Duff amounted to "changing the metes and bounds, as well as the record of the plat and description" under section 561.7. Indeed, in support of her objection to the Debtor's homestead exemption claim, the Trustee points out that courts interpreting the current statute have concluded that a debtor may move a residence within a parcel but may not move a residence from one parcel to another without loosing the exempt status of the property. *Compare Berner v. Dellinger*, 206 Iowa 1382, 222 N.W. 370 (Iowa 1928) *with Chariton Feed and Grain, Inc. v. Kinser*, 794 F.2d 1329, 1331 (8th Cir.1986).

Based on the stipulated record and the arguments of the parties, the Court concludes the Debtors move does not fall within the parameters of section 561.7. Therefore, like the second prong of section 561.20, the first prong is not satisfied under the facts of this case and that means the "new homestead" provision is not available to the Debtors to defeat the "antecedent debt" provision.

## CONCLUSION

WHEREFORE, the Court finds that the Trustee and P & S Auto have met their burden of proving Debtors' homestead exemption is not properly claimed and, therefore, the section 561.21(1) objection to the Debtors' homestead exemption is sustained to the extent the antecedent debt is not satisfied after the other property of the Debtors subject to execution is exhausted.

---

7. In the *Snell* decision, United States Bankruptcy Judge Russell J. Hill observed that "[t]he value of the old homestead is what it will sell for, not the value of the debtor's equity interest or the net amount the debtor would realize from the sale." *Matter of Snell*, No. 96–00338 CH, slip op. at 8 (Bankr.S.D. Iowa filed March 25, 1997).

8. The issues in the *Snell* case were whether the debtors maintained an intent to reinvest the proceeds from the sale of their old homestead into a new homestead and whether those proceeds in fact were reinvested within a reasonable time.